### SMITH *v.* THE STATE.

1. A self-criminating admission made to the sheriff by a prisoner in jail in response to the sheriff's admonition in these terms: "You know you are the man; they got your cap, and you might as well own up," is of doubtful admissibility, but the other evidence establishing the prisoner's guilt beyond all question, a new trial ought not to be granted.
2. While it is the better practice to show by preliminary evidence that confessions intended to be proved were made freely and voluntarily, yet where such evidence is omitted until after the confessions are received, it may then be introduced.
   February 3, 1892.

Criminal law. Confession. Practice. Before Judge BOYNTON. Newton superior court. March term, 1891.

Reported in the decision.

G. W. GLEATON, CAPERS DICKSON and J. F. ROGERS, for plaintiff in error.

W. A. LITTLE, attorney-general, by J. H. LUMPKIN, and EMMETT WOMACK, solicitor-general, *contra*.

LUMPKIN, Justice.

The accused was convicted of the crime of rape, and to the overruling of his motion for a new trial he excepted. The grounds of the motion were, that the verdict was contrary to law and evidence, that the court erred in admitting a self-criminating admission, designated in the motion as a confession, made by the accused to the sheriff in response to an admonition by the latter as stated in the first head-note, and that the court erred in permitting the "confession" to be proved without first requiring the State to show it was freely and voluntarily made. It seems difficult to impress upon sheriffs and other officers the gross impropriety of improperly obtaining confessions from prisoners in their custody. In *Green* v. *The State*, 88 *Ga.* 516, 15 S. E. Rep. 10, we took occasion to comment upon this subject. In view of what we there said, we would probably grant a new trial in the present case if there was any doubt whatever of the prisoner's guilt, but the evidence against him being clear and overwhelming, we feel constrained to let the verdict stand.

When the State seeks to introduce the confessions of a prisoner on trial, it would be better to begin by showing they were freely and voluntarily made and not improperly induced by another, but when evidence of confessions has been received without objection by the accused or his counsel, and without requiring the preliminary proof indicated to be first introduced, no error is committed. Even after evidence of the confessions has been admitted, the court may at any time, of its own motion or at the instance of the accused, have an inves-

tigation made to determine whether or not the evidence has been properly received, and upon ascertaining that it has not, may rule it out.    *Judgment affirmed.*