## DWIGHT *et al. v.* JONES.

1. When a defendant in his answer sets up a particular state of facts and thereupon bases a prayer for alternative relief, he is not, where he fails to establish by evidence a right to one form of the relief sought, in legal contemplation, injured by the court's withdrawing from the consideration of the jury this branch of the defense, nor can he justly complain of their verdict when he thereby obtains the full benefit of the other form of relief for which he prays.
2. Specific performance of a parol contract for the purchase of land will not be decreed when the evidence wholly fails to identify the land purchased.

Submitted May 1, — Decided June 10, 1902.

Complaint. Before Judge Littlejohn. Macon superior court. November 7, 1901.

*Haygood & Stewart,* for plaintiffs in error.
*J. A. Edwards,* contra.

FISH, J. Jones brought an action against T. H. Dwight and J. B. Dwight, on a promissory note given by them for $250. T. H. Dwight answered that after the note was given he sold to the plaintiff a certain described parcel of land for $595, with the understanding that the note sued on was to be taken in part payment of the purchase-money ; that the sale was a cash transaction ; that in pursuance thereof plaintiff went into possession of the land, and, after doing so, failed and refused to comply with his part of the contract, though defendant had ever been ready to convey the land to him upon payment of the purchase-money. The defendant alleged that he had been deprived of the use of the land during the time plaintiff was in possession of it, to his damage in the sum of $100. By way of affirmative relief, defendant prayed that the plaintiff be required to deliver up for cancellation the note sued on, and that defendant have judgment against plaintiff for the difference between the amount due on the note and the purchase-price for the

land, the defendant averring his readiness and willingness, upon this being done, to execute to plaintiff good and sufficient title to the land in question. The defendant further prayed, in the event the court should hold that he was not entitled to the " specific performance" as prayed for, that he then have judgment against the plaintiff for the damages set forth in the answer. Upon the trial it appeared that the contract for the sale of the land was in parol, and the only evidence offered to identify the land sold was the testimony of the defendant T. H. Dwight, who testified: " I agreed to sell Jones seventy acres of land ; the price he agreed to pay was $8.50 per acre. I can't tell you the number of the land. I don't know the number. It was on Little Whitewater creek, back of the place where I live, but I could not give you the number of the land. It was located in Macon county. . . Mr. Billie Green measured this land off, which was agreed upon by me and Mr. Jones both." It was shown that the plaintiff was in possession of land of the defendant for about a year, and then left it ; whereupon defendant took possession of the same and had since remained in possession up to the trial. The annual rental value of the land was proved to be from seventy-five cents to one dollar and a half per acre. The verdict was in favor of the plaintiff for the amount due on the note, less $60 for the rent of the land. Defendants moved for a new trial on the general grounds, and " because the court erred in withdrawing from the jury, over defendant's objection, the issue of specific performance, . . and in submitting to the jury only the question of the rental of the seventy acres of land." A new trial was refused, and defendants excepted.

In our opinion, the court did not err in withholding from the jury the issue as to specific performance; for, waiving the question as to whether, under the evidence, the contract for the sale of the land had been rescinded, the proof as to the identity of the land alleged to have been sold to the plaintiff, and to which defendant T. H. Dwight offered to make him a title, was wholly insufficient to show what specific land was the subject of the contract of sale. It is well settled that a parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. *Printup* v. *Mitchell*, 17 *Ga.* 558. In order for the court to have required the plaintiff to specifically perform his part of the contract

in reference to the land, it would have been necessary to have decreed that the defendant T. H. Dwight should, upon the payment of the purchase-money by the plaintiff, convey to him the land sold, and to do this a particular description of the land should have been proved. See *Harper* v. *Kellar*, 110 *Ga.* 420, and cases cited. The verdict was fully authorized by the evidence, and the refusal of a new trial was not erroneous.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*