## WARREN *v.* GAY, next friend.

1. When the charge of the judge is considered as a whole, the instructions as to the degree of proof required to authorize a decree for the specific performance of a parol contract for the sale of land were simply that the minds of the jury must be clearly satisfied by unequivocal testimony that such a contract had been entered into, and when so construed the instruction was not erroneous.
2. The evidence warranted the verdict, and no reason appears for reversing the judgment.

Submitted May 18, — Decided June 14, 1905.

Ejectment.　Before Judge Lewis.　Laurens superior court. October 3, 1904.

Norman T. Gay brought an action of ejectment in the common-law form against Warren and Conner, to recover possession of a lot of land in the 12th district of Laurens county, and mesne profits. Subsequently he brought, through his next friend, C. M. Gay, an equitable petition against the same parties, alleging that they were in possession of the lot of land referred to and were destroying the growing trees thereon, and prayed for an injunction and for a recovery of the land. Attached to the petition was an abstract of title, originating in a grant from the State, and showing that the plaintiff claimed to derive title through McRae, who claimed under a conveyance from Powell, who from various conveyances had derived title from the original grantee. It also appeared from the abstract that Powell had obtained a conveyance from Emanuel Gay, who seems to have had some claim to the land not connected with the original grantee. Warren filed an answer, in which he alleged, that he was in possession and claimed title to the land; that Conner was merely his tenant; that he had bought the land in dispute from McRae before McRae sold and conveyed to the plaintiff; and that C. M. Gay, the father of the plaintiff, a minor, who represented his son in the transaction, had notice, at the time he purchased from McRae and received the deed to his son, of the

contract of sale which had been entered into between McRae and the defendant. The defendant alleged, that McRae agreed to sell the land in dispute to him for $500; that he had paid $310 of the purchase-money, and had tendered to McRae on various occasions the balance of the same; that he had gone into possession on the faith of this contract, and had been ever since in peaceable possession of the property. He denied the trespasses alleged, and that the land was worth for rent the amount claimed; and prayed that McRae be made a party, that the parol contract between him and McRae be specifically performed, that a decree be entered declaring that he was the owner of the land, that his possession be quieted as against the claim of the plaintiff, that the deed from McRae to the plaintiff be canceled, and for general relief. McRae was by proper order made a party to the case. The two cases were by order of the court consolidated, and on the trial a verdict was rendered in favor of the plaintiff for the premises in dispute and $442 mesne profits, and in favor of the defendant against McRae for $10, which had been paid as earnest money to bind the bargain which the defendant alleged had been made between him and McRae for the sale of the land. Warren moved for a new trial, on the general grounds, and on grounds assigning error upon different portions of the charge of the judge. The motion was overruled, and Warren excepted.

*James K. Hines* and *Griner & Adams*, for plaintiff in error. *E. D. Graham*, contra.

COBB, J. 1. The judge charged the jury as follows: " I charge you that in order to establish a parol contract for the sale of land that would be a basis of recovery for defendant and a verdict in his favor for specific performance, the evidence must be so clear and unequivocal as to satisfy your minds to a reasonable certainty that such a contract was made." This charge was alleged to be erroneous, because it required a higher degree of proof than the law demands. Error was also assigned upon other portions of the charge in which the judge used similar language. He also stated, in the concluding portion of the charge, that the jury were to be governed in this case, as in all other cases, by the preponderance of testimony and by the rules of law to which he had called their attention, and stated that by

the preponderance of testimony was meant that superior weight of testimony in favor of one contention rather than the other, and while it might not relieve the minds of the jury entirely from doubt, if it was of such character and force as to incline their minds to one contention rather than to another, it was sufficient to authorize them to base a verdict upon. In *Printup* v. *Mitchell*, 17 *Ga.* 558 (16), it was held that a parol contract for the sale of land, like the reformation of a deed by parol proof, should be made out "so clearly, strongly, and satisfactorily, as to leave no reasonable doubt as to the agreement." As to the rule in reference to the reformation of written instruments by parol evidence, see *Wyche* v. *Greene,* 11 *Ga.* 160 (4), 171. In *Shropshire* v. *Brown,* 45 *Ga.* 175, it was said that to entitle a complainant to a decree for specific performance of a parol contract for the sale of land, the contract must be established "with reasonable certainty." In *Schnell* v. *Toomer,* 56 *Ga.* 170, Judge Bleckley, in referring to the rulings in the 11th and 17th *Ga. Reports* and in another case, said that what was meant by proof beyond a reasonable doubt in such cases was such proof as would "clearly satisfy the minds of the jury of the truth of the plea." He took occasion to suggest that as "reasonable doubt" was a phrase more appropriate to criminal cases, its employment to instruct the jury in civil cases had best be avoided. In *Beall* v. *Clark,* 71 *Ga.* 818, the ruling in the 17th *Ga.* was followed in terms. See also, in this connection, *Poullain* v. *Poullain,* 76 *Ga.* 420 (2). In *Harper* v. *Kellar,* 110 *Ga.* 423, the rulings in the 17th, 45th, and 71st *Ga. Reports* were quoted with approval, and other authorities to a similar effect were referred to. In *Dwight* v. *Jones,* 115 *Ga.* 744, it was said: "It is well settled that a parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." The judge in the charges complained of seems to have followed the suggestion of Judge Bleckley in the 56th *Ga.,* and avoided the use of the expression "reasonable doubt," but he did use the phrase "reasonable certainty." It has been held that an instruction to the jury that they must be satisfied to a "moral and reasonable certainty" is the same in effect as saying that they must be satisfied beyond a reasonable doubt. See *Bone* v. *State,*

102 *Ga.* 387. When the various portions of the charge in reference to the degree of proof are considered together, the effect of the instructions was simply, that this was a civil case, that the jury were authorized to reach a conclusion from the preponderance of the evidence, but that this preponderance should be such in this particular case that before they could find in favor of the parol contract they must be clearly satisfied of the existence of the contract. This is the law. It may be that, under the rulings which have been referred to, an instruction that the jury should be satisfied of the existence of the contract beyond a reasonable doubt would not have been erroneous ; but it is not necessary in this case to make a ruling to this effect. The judge did not place this burden upon the defendant in his charge, when it is considered in its entirety. The use of the words "reasonable certainty," when taken in connection with other portions of the charge, imposed upon the plaintiff no greater burden than to satisfy the minds of the jury by clear and unequivocal evidence that the parol contract which he relied on had been entered into. We desire to take this occasion to emphasize the suggestion made by Judge Bleckley, that the instruction in cases of this character should be simply to the effect just indicated.

2. The charge, when considered as a whole, fairly submitted to the jury the issues involved in the case; and if there were any errors at all in the charge, they were not of such a character as to require the granting of a new trial. The evidence, though conflicting, amply warranted the verdict, and no reason appears for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*