ADKINS *v.* FLAGG *et al.*

HILL, J.   1.  In view of the general charge of the court, the assignments
of error complaining of charges ˙and refusals to charge are without
merit.

(*a*)  On the trial of a suit based on a parol gift of land, of which it is
sought to recover possession, and for specific performance, and to can-
-cel certain deeds as clouds upon the title of the plaintiff, it is not error
·to charge the jury:  "Before you would determine, however, such an
equitable title passed by reason of the gift, so as to entitle [the plain-
tiff] to a verdict of specific performance, you must be satisfied beyond
a reasonable doubt from the evidence that there was a gift of a specific
tract of land, and a delivery of that land, as set out in the petition.  If
the evidence fails to satisfy your mind upon ˙this, beyond a reasonable
doubt, that there was a gift of a specific tract of land and a delivery of
that land, then you would not be authorized to find for the plaintiff
in· this case."  *Redman* v. *Mays,* 129 *Ga.* 435 (59 S. E. 212); *Becker*
v. *Donalson,* 138 *Ga.* 634, 645 (75 S. E. 1122); *Warren* v. *Gay,* 123 *Ga.*
243 (51 S. E. 302).

(*b*)  The charge was not subject to the criticism that the plaintiff was
only required to prove the fact of the parol gift to "a reasonable cer-
tainty," and the fact of his possession, and the making of valuable im-
provements, by a preponderance of the evidence.

2.  "Where a party has evidence in his power and within his reach by which
he may repel a charge or claim against him, and omits to produce it, or,
having more certain and satisfactory evidence in his power, relies on

that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well-founded; but this presumption may be rebutted." Civil Code (1910), § 5749.

(a) Counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment, and the range of such comment is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled. *Inman* v. *State*, 72 *Ga.* 269 (3); *Western & Atlantic R. Co.* v. *Morrison*, 102 *Ga.* 322 (29 S. E. 104, 40 L. R. A. 84, 66 Am. St. R. 173); *Purvis* v. *State*, 145 *Ga.* 517 (89 S. E. 571); *Hoffer* v. *Gladden*, 75 *Ga.* 533 (5), 538. See Civil Code (1910), §§ 5901, 5915.

(b) Where on the trial of a suit for recovery of land, based on a parol gift by a father to his son, in which one of the issues was whether the alleged gift was bona fide (the defendant claiming under a deed based on a valuable consideration from the alleged donor), counsel for the defendant in his argument to the jury took in his hand a sealed package containing the depositions of the alleged donor (since deceased) and said: "Old man Gus Adkins [alleged donor] knows more about the case than anybody, and here is his evidence [holding up the package before the jury], and they refuse to put Gus's evidence before you. They do not want you to know the truth," and "Old man Gus Adkins is dead, but here is his evidence [exhibiting the package to the jury]; and they [referring to the movant and his counsel] do not dare read his evidence to you, because they know it would hurt them;" and where, on request to the court to instruct the jury that the statement made by counsel was not proper matter for argument and that the jury should not consider the same, the court only replied, "Counsel will confine his argument to the evidence," such comments and the ruling of the court will not require a new trial.

(c) This case is distinguishable in its facts from *Smoot* v. *State*, 146 *Ga.* 76 (90 S. E. 715).

3. Other grounds of the motion for new trial which sufficiently assign error are without merit.

4. The evidence was sufficient to support the verdict for the defendants, and the court did not err in refusing a new trial.

*Judgment affirmed. Fish, C. J., and Gilbert, J., dissent as to the ruling in headnote 2 (b). The other Justices concur.*

JULY 10, 1917.

Equitable petition. Before Judge Mathews. Bibb superior court. August 5, 1916.

*H. F. Strohecker* and *L. D. Moore,* for plaintiff.

*W. E. Martin Jr.* and *J. C. Estes,* for defendants.