## WILLIAMS *v.* SEGERS; *et vice versa.*

1. Where, subsequently to the execution of a bond for title to convey, upon conditions stated, several described tracts of land, the owner of the land makes a parol agreement to convey two of the designated tracts upon payment, before it is due, of one of the purchase-money notes and the immediate payment of the sum of $1,000, the agreement is enforceable, where the purchaser has fully performed his part of the contract by making payments in accordance with the terms thereof.

(a) A general demurrer to those portions of the plea setting up a parol contract and performance by the defendant was properly overruled.

2. The court erred in giving to the jury instructions which authorized them to find for the defendant upon his contention that the plaintiff had agreed in parol to convey certain tracts of land, if they should find that the plaintiff had shown his contention in regard to this alleged parol contract by a preponderance of the evidence; the true rule being that in order for the plaintiff to have specific performance of a parol contract, under the alleged circumstances, it was necessary for him to establish the contract by evidence so clear as to leave no reasonable doubt as to the agreement.

3. The motion to dismiss the writ of error, based upon statements in a supplemental certificate made by the judge after having duly certified the main bill of exceptions, is overruled. The statements contained in the supplemental certificate should not be considered, the judge having lost control of the case when he signed the first bill of exceptions. *Grant* v. *So. Bell Tel. Co.*, 145 *Ga.* 298 (89 S. E. 364).

4. Where the successful party to a cause raises objections to the signing of a bill of exceptions presented by the losing party, on the ground that the bill of exceptions was not tendered in time, the order of the court overruling such objections can not be brought to this court by a cross-bill of exceptions.

AUGUST 18, 1917.

Equitable petition. Before Judge Fite. Whitfield superior court. September 5, 1916.

Williams brought suit upon six promissory notes, two for $5,500 each and four for $1,000 each, which fell due one each on the first day of the years 1915 to 1920, inclusive. There was a written stipulation on the back of each note, signed by the maker, providing for acceleration of maturity. At the time of filing suit one of the notes had fallen due, and the payee averred that the contingency which should accelerate the maturity of all notes had happened; and judgment was accordingly asked upon all the notes. The defendant pleaded payment, upon different dates, of certain amounts considerably in excess of the payments which the plaintiff admitted had been paid, insisting that the payments so made had prevented the acceleration of maturity, and that the suit as to the notes not due on their face should be abated. The defendant also pleaded specially, that after the execution of the bond for title the plaintiff made an oral agreement and contract that if the defendant would at once pay the sum of $1,000, and finish paying up the first of the notes before it became due, he would immediately convey to defendant the Spann lot and the Prater lot, these lots being included in the entire tract sold by the plaintiff to the defendant. The defendant averred that he had complied with and performed his part of the contract; had paid the $1,000, and finished paying the note referred to before it was due; had demanded that the plaintiff execute a deed to the two lots specially referred to, and that plaintiff had failed to perform. That portion of the plea setting up the new contract in reference to the Spann and Prater lots was demurred to on the ground that it was a contract which the law required to be in writing, that there was no consideration for it, and that it was vague and indefinite. The court overruled the demurrer, and this ruling was excepted to. Upon the trial the jury returned a verdict in favor of the plea in abatement, and in favor of the defendant on his contention that he was entitled to specific performance of the alleged agreement as to the

conveyance of the two tracts of land referred to. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

W. C. *Martin* and W. E. *Mann,* for plaintiff.

C. D. & F. K. *McCutchen* and M. C. *Tarver,* for defendant.

BECK, J. (After stating the foregoing facts.)

1. The court instructed the jury, in substance, that if they believed from the evidence the contention of the defendant that subsequently to the execution of the bond for title the plaintiff had agreed to convey the two named lots of land upon the payment, before it was due, of one of the notes and the immediate payment of the sum of $1,000, and that the defendant had assented to these terms and had performed his part of the oral contract by making payment in advance of maturity, then the defendant would be entitled to specific performance on the part of the plaintiff, and to have him execute deed to the two tracts of land in question. This charge is excepted to on the grounds that it is not the law, that there was no evidence to support it, and that it was vague and indefinite. We do not think the charge is open to either of the attacks made upon it. While a contract for the sale of land or of any interest in land must be in writing, nevertheless, if the defendant's contentions are true, there had been full performance by him of his part of the parol contract, and he had made payment in accordance with the terms stipulated by the plaintiff himself; and there was evidence authorizing the jury to find that these contentions were true, though they were denied by the plaintiff. And it can not be successfully contended that payment of $1,000 before it was due and the payment of a note before maturity was not a consideration for the new promise. In the case of Dickerson *v.* Board of Commissioners, etc., 63 Am. D. 373 (6 Ind. 128), it was held that the payment of interest in advance was a sufficient consideration to uphold a contract, and that this doctrine was too well settled to admit of discussion. If the payment of interest in advance is sufficient to support a promise, payment of the principal or a part thereof is also sufficient. See, in this connection, 9 Cyc. 113, and cases cited in the notes. What we have said in reference to the charge of the court complained of decides adversely to the movant the contention that the court erred in overruling the demurrer to those parts of the plea which set up

the agreement by the plaintiff to convey the two tracts of land referred to upon the payment, before it was due, of one of the notes and the immediate payment of the sum of $1,000.

2. Exception is taken to the following charge of the court: "Now as to whether or not there was such a contract as defendant contends as to conveying him certain lots mentioned, the burden of proof is upon him to show by a preponderance of the evidence that such a contract was entered into and that he performed his part of the contract, and that the plaintiff failed to comply with his part of the contract; he must show that by a preponderance of the evidence, and what is meant by a preponderance of the evidence is the weight of it; it should be stronger going to show that the contention of the party upon whom the burden rests as to any particular issue is correct rather than that the contention of the other party is correct; if but slightly so, that would be sufficient, but it must preponderate in his favor in order to authorize him to recover on any particular issue where the burden rests upon him." Under more than one decision of this court this charge is erroneous. It has been ruled that in order to have specific performance of a parol contract for the sale of land, or to reform a written contract, the evidence to support the contract must be so clear as to leave no reasonable doubt as to the agreement. *Redman* v. *Mays,* 129 *Ga.* 435 (59 S. E. 212). The part of the defense to which this charge relates is based upon the right to specific performance of a parol contract between the defendant and plaintiff, entered into subsequently to the date of the original written contract.

3. The ruling in the third headnote requires no elaboration.

4. The motion for a new trial in this case came on regularly for hearing on the 5th day of September, 1916, at which time the court overruled the motion. On the 6th day of the following November, which date had been fixed by the court for the hearing of a motion filed by Williams, the petitioner, to amend the decree rendered in the case, the attorney for Williams presented to the court, to be signed and certified, a bill of exceptions to the order refusing a new trial; and thereupon the attorneys for the defendant, Segers, objected (in the form of a motion in writing) to the court's signing and certifying said bill of exceptions on said date, upon the ground that more than thirty days had elapsed since the passage of the order overruling the motion for a new trial. The

court overruled the objection, and certified the bill of exceptions. To the order overruling the objection the defendant, Segers, took a cross-bill of exceptions. The cross-bill of exceptions, bringing the action of the court in signing the bill of exceptions in the main case, can not be considered. The order overruling the objection of the defendant to the signing of the main bill of exceptions could not properly be made the subject-matter of a cross-bill of exceptions. Cross-bills of exceptions are filed by the defendant in error in a main bill of exceptions, and are solely for the purpose of having determined questions of law which were decided by the court below adversely to him; so that, if there is a reversal upon the main bill, the defendant in error may obtain a final ruling upon the questions which were decided adversely to him. Mani-. festly, in the event of the grant of a new trial in the cause now before us, the cross-bill of exceptions presents no question which the court below could be called upon to adjudicate. If the question sought to be raised by this cross-bill of exceptions could be brought here at all ·for review, it would necessarily be done by a main bill of exceptions. Whether a main bill of exceptions would lie in this case it is not necessary to decide, as no attempt is made to bring the matter here by a main bill of exceptions. Civil Code, § 6139; *Turnbull* v. *Foster*, 116 *Ga.* 765 (43 S. E. 42). Moreover, this cross-bill of exceptions attempts to have this court review the action of the court below in signing a main bill of exceptions, and to reverse the order overruling the objection to the certifying of such bill of exceptions, where the objection was based upon a ground that contradicted the certificate of the judge to such main bill of exceptions; and we doubt very much whether this could be done. Subsequently to the signing of the certificate to the main bill of exceptions, the trial judge signed certain other certificates which we have held above can not be considered upon a motion to dismiss the main bill of exceptions, as the judge below lost jurisdiction of the case when he signed the first certificate. If we were to pass upon the cross-bill of exceptions in this case and rule in accordance with the contention of the plaintiff in error in the cross-bill, we would thereby give effect to the certificates made by the judge to the main bill of exceptions subsequently to the certification by which his jurisdiction of the case was ended.

Accordingly it is adjudged that the cross-bill of exceptions be dismissed.

*Judgment reversed on the main bill of exceptions. Cross-bill of exceptions dismissed. All the Justices concur.*