## GORDON *et al. v.* SPELLMAN.

1. The court did not err in overruling the motion in arrest of judgment in this case.
2. A parol contract for land of which specific performance is sought should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. Certain parts of the charge com-

plained of in the motion for a new trial stated a contrary doctrine, and were error for that reason.

3. The court refused a timely written request to charge in the following language: "I charge you that there can be no recovery by the petitioner, under the allegations of her bill, until she has proven to your satisfaction, by a preponderance of the evidence, clearly and strongly and so satisfactorily as to leave no reasonable doubt, that there was an express contract entered into between herself and Mrs. Mary Graeffe for the conveyance by will to the petitioner of the specific property named in the bill, upon the death of Mrs. Graeffe, in consideration of certain services rendered to Mrs. Graeffe by petitioner, and that these services were rendered and performed by petitioner." This charge contained a correct proposition of law applicable to the case, and should have been given.

4. Certain evidence tending to show the value of services rendered by the plaintiff, which the court upon proper motion of the plaintiffs in error refused to rule out, and which would have been admissible had the suit been based upon a quantum meruit, was irrelevant and immaterial and should have been ruled out.

5. Certain other evidence offered by the defendants in the court below, and held to be inadmissible by the court, was properly excluded.

6. The question of the sufficiency of the evidence is not decided, as the case is remanded for a new trial because of errors committed pending the trial of the case.

No. 636.  SEPTEMBER 14, 1918.

Equitable petition. Before Judge Meldrim. Chatham superior court. September 15, 1917.

This was a suit for specific performance and other equitable relief, and was brought by Mary Ann Spellman against George Gordon, Pearl Gordon, and H. D. D. Twiggs. The last named was made defendant in the capacity of executor of the will of Mrs. Mary Graeffe. It appears that Mrs. Graeffe owned certain property in the City of Savannah on the southeast corner of Montgomery and Huntingdon Streets, on which was built her residence, and a vacant lot adjoining the residence. She also owned certain other real estate. Her husband died in 1886, when she was 66 years of age. In 1888 she married Mr. Krieger. In 1901 she instituted divorce proceedings against Mr. Krieger, and obtained a divorce in 1902. On October 11, 1911, when she was 91 years old, she executed her last will and testament. By the first item she devised her residence and the adjoining lot to George Gordon and his wife, Pearl Gordon, "in consideration of the faithful attentions and the kind and generous treatment which I have received at the hands of George Gordon and his wife, Pearl Gordon, who have ministered to my every want and have nursed, attended,

and provided for me for a long period of time, and both of whom have looked to my comfort and happiness and have been as devoted and true as if my own children." In the 2d item she devised to the same persons her household and kitchen furniture, jewelry, and other personalty. By the 3d item she devised to her sister Katherine, whose last address was Tiefenbruch, Prussia, Germany, and, if not in life, to her children or lineal descendants, proceeds to be derived from the sale of other described property. She died on September 16, 1912, without children or lineal descendants. Her will was probated in both common and solemn form by the nominated executor. Thereafter Mary Ann Spellman filed a petition against the executor and George and Pearl Gordon, alleging, in addition to the foregoing facts, the following: For a long period of time she had rendered to Mrs. Graeffe, at her request, valuable services in looking after her and taking care of her; and in 1901 Mrs. Graeffe proposed to petitioner to continue her services as she had done in the past, and as occasion might require during the remainder of Mrs. Graeffe's life, and at such time and times as Mrs. Graeffe might require. In consideration of such services to be rendered, as well as in consideration of past services, Mrs. Graeffe promised petitioner to compensate her, when Mrs. Graeffe died, by giving her, by Mrs. Graeffe's last will and testament, the residence property and vacant lot attached, and also her household and kitchen furniture and her jewelry. Petitioner accepted the offer, and, relying upon the promise of compensation in the specific property, faithfully ministered to the every want of Mrs. Graeffe, nursed her, attended her, and looked after her comfort and happiness, as if she had been her own daughter. These services were acceptably rendered by her up to the time of Mrs. Graeffe's death. The property which Mrs. Graeffe promised to give by will to the petitioner is of the value of $6,000, and the value of petitioner's services exceeds the value of the property. The estate of Mrs. Graeffe is solvent; and she owned, independently of the property she agreed to give petitioner, certain other described property. Petitioner did not believe that Mrs. Graeffe knowingly and wilfully breached her contract with petitioner by devising and bequeathing the residence property, with the adjacent lot and the personalty, to George Gordon and Pearl Gordon instead of to petitioner. On the contrary she believes and avers that the devise to the Gordons was the result of undue influence exer-

cised on Mrs. Graeffe by them in making her will, and was the result of confusion in the·mind of Mrs. Graeffe, whereby she thought they had rendered these long and faithful services to her, instead of petitioner; that the Gordons were not related to Mrs. Graeffe in any way, and their acquaintance with Mrs. Graeffe began but a few months prior to the execution of the will. Petitioner prayed that her contract with Mrs. Graeffe be specifically performed, that the executor be decreed to turn over to her the property promised her by Mrs. Graeffe, and, if for any reason it be impossible to give her this relief, that she be compensated out of the estate of Mrs. Graeffe in an amount equal in value to the property promised her for her services. The defendants in their answer denied that Mrs. Graeffe made the contract alleged in the petition. The executor, H. D. D. Twiggs, having died, Simon N. Gazan qualified as executor, and was made a party defendant in that capacity. The trial resulted. in a verdict for the plaintiff, "against the defendants, Gordons." The defendants made a motion for a new trial and a motion in arrest of judgment, both of which the court overruled. The motion in arrest of judgment was based upon the following grounds:

1st. The suit being for the specific performance of a contract alleged to have been entered into by the plaintiff with the deceased, or for damages for the alleged breach of said contract, a money verdict for the breach of a contract entered into by plaintiff with Mrs. Graeffe, against the defendants, is null and void. To hold the defendants, George and Pearl Gordon, solely liable in a money verdict directly to the plaintiff would be to make them liable for Mrs. Graeffe's debt, and relieve her estate from the payment of ·its obligation.

2d. Because the verdict, being in favor of the plaintiff against the defendants, George and Pearl Gordon, solely, thereby relieving the estate of Mrs. Graeffe and her executor from liability thereon, is illegal, null and void, because there could be no verdict solely against the Gordons and not against the estate of the deceased, Mrs. Graeffe, in money damages.

3d. Because the bill in equity was not brought for money damages solely against the Gordons, and money damages could not be awarded solely against them.

4th. Because no contractual relation is shown in the bill, between plaintiff and the Gordons, nor any other facts alleged which would make the defendants Gordons liable to her solely in money

damages, and an award of money damages solely against said defendants under the pleadings is illegal, null and void.

5th.    Because the judgment and decree entered does not follow the verdict as rendered, in that the judgment attempts to set up a trust upon certain specific property, while the verdict is for money damages only against George and Pearl Gordon.

With slight additions the foregoing statement of facts is taken from the report of the case as made when it was formerly here for decision.

*Osborne, Lawrence & Abrahams,* for plaintiffs in error.

*R. R. Richards* and *W. R. Leaken,* contra.

BECK, P. J.    (After stating the facts.)    1.    There was no error in overruling the motion in arrest of judgment.    In the decision of the case when it was here before (145 *Ga.* 682, 89 S. E. 749, Ann. Cas. 1918A, 852) it was said by Presiding Justice Evans: "It was said by Mr. Justice Cobb in *Banks* v. *Howard,* 117 *Ga.* 94 (43 S. E. 438) : 'Contracts under which one of the contracting parties agrees with the other, for a valuable consideration, that he will make a will giving to the other property, either real or personal, have been sustained and enforced in America from the earliest times; and the validity of such contracts seems now to be beyond all doubt.'    If the promisor in such a case makes a will' which is probated, devising specific land to another in violation of the terms of the contract, equity will impress a trust on the property, which will follow it into the hands of the personal representative or devisee of the promisor.    *Belt* v. *Lazenby,* 126 *Ga.* 767, (5), 773 (56 S. E. 81).    Where one makes a will in violation of his contract to make a particular devise, the probate of such will does not defeat the equitable remedy of the other party for the enforcement of his rights under the contract.    The plaintiff is making no attack on the judgment of probate, but is seeking a decree to avoid the attempted devolution of title by the will, by the impressment of a trust on the property devised."    Applying the principle there ruled, which is the law of this case, the jury were authorized to find a verdict and the court to enter a decree against the plaintiffs in error.    The bequest made in the will of Mrs. Graeffe, giving the property in controversy in this case to the plaintiffs in error, had been assented to. ˗ The property passed into the possession of the devisees, and they had made valuable improvements upon it.    A verdict for an amount not exceeding

the value of the property devised in violation of the terms of the contract of which the defendant in error seeks to have specific performance, and a decree in favor of making this amount a charge upon the property devised, was a proper application of the equitable principle and holding made in that part of the decision rendered in this case which we have quoted above.

2. Complaint is made of certain extracts from the charge to the jury, which dealt with the standard of proof and the character of evidence required in cases brought for the purpose of having specific performance of a parol contract decreed; and there are also assignments of error upon the refusal to comply with written requests to charge dealing with the same subject. We deem it unnecessary to take up for discussion each of these grounds separately. It may be true that the decisions of this court upon this subject are not entirely consistent; but we think it is now an established doctrine, that "a parol contract for land of which specific performance is sought should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." And the contract involved in this case, the specific performance of which is the object of the suit, is a contract of the character referred to. This rule was stated in the case of *Beall* v. *Clark,* 71 *Ga.* 818, and the principle there stated has been adhered to in several decisions rendered since the case just referred to was decided. In the case of *Printup* v. *Mitchell,* 17 *Ga.* 558 (63 Am. D. 258), it was said: "A parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. It is a serious matter to substitute a parol sale of real estate for a deed." And in the case of *Dwight* v. *Jones,* 115 *Ga.* 744 (42 S. E. 48), it was said that this rule is now well settled. In the case of *Redman* v. *Mays,* 129 *Ga.* 435 (59 S. E. 212), this doctrine was again restated, the court saying: "Where specific performance is sought for the enforcement of a parol contract for the sale of lands, such contract and the terms thereof should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." And the judgment in that case granting a new trial was affirmed, because the evidence "in clearness, strength, and precision failed entirely to measure up to this standard." See also *Adkins* v. *Flagg,* 147 *Ga.* 136 (93 S. E. 92); *Williams* v. *Segers,* 147 *Ga.* 219 (93 S. E. 215). Other comparatively recent

cases containing decisions of this court upon the same subject might be cited in support of the doctrine here recognized. Certain of the extracts from the court's charge in the instant case were contrary to the decisions here rendered, and in so far as they state a different doctrine they were erroneous and constitute cause for a new trial; and the requests to charge upon the subject under consideration, in so far as they stated this rule, stated principles applicable to this case.

3.   Before the plaintiff would be entitled to a decree for specific performance in this case it was necessary for her to establish with the requisite degree of certainty the contract and agreement as alleged; that is, that Mrs. Graeffe had agreed and promised, in consideration of certain services, to devise the property in question to the plaintiff.   The plaintiff could not recover upon a quantum meruit, but could only have a verdict and a decree giving the relief sought, upon establishing the specific contract alleged, that is, the promise upon the part of the testatrix and the performance upon the plaintiff's part of the services contemplated.   We are of the opinion that the court should have instructed the jury in the language of the request contained in the 9th ground of the motion for a new trial, which is as follows:   "I charge you that there can be no recovery by the petitioner, under the allegations of her bill, until she has proven to your satisfaction, by a preponderance of the evidence, clearly and strongly and so satisfactorily as to leave no reasonable doubt, that there was an express contract entered into between herself and Mrs. Mary Graeffe for the conveyance by will to the petitioner of the specific property named in the bill, upon the death of Mrs. Graeffe, in consideration of certain services rendered to Mrs. Graeffe by petitioner, and that these services were rendered and performed by petitioner."   Under the rulings which we have made above, this request stated a correct proposition of law which was applicable to the case and upon a controlling issue in the case.

4.   Certain evidence tending to show the value of services rendered by the plaintiff, which the court upon proper motion of the plaintiffs in error refused to rule out, and which would have been admissible had the suit been based upon a quantum meruit, was irrelevant and immaterial and should have been ruled out.

5.   Certain other evidence offered by the defendants in the court below, and held to be inadmissible by the court, was properly ex-

cluded; for, whether the court's reason for excluding it was the proper one or not, the evidence was not pertinent to the issues involved.

6. Inasmuch as the judgment refusing a new trial is reversed because of certain errors committed pending the trial, and the case is remanded for a new trial, no opinion is expressed as to whether or not the evidence was sufficient to authorize the jury to find that the contract alleged in the petition was proved.

*Judgment reversed. All the Justices concur.*