STEED, administratrix, <em>et al. v.</em> BENTLEY <em>et al.</em>

1. The first special ground of the motion for a new trial, in which the contention is made that the defendant did not have a trial before an impartial jury, as provided by law, in that " the plaintiff served as a traverse juror during the term of the court at which said case was tried, for several days before said case went to trial, and afterwards, and that his fellow-jurors sitting upon his case were biased and prejudiced by their association with him, which prejudice is manifested by the verdict," etc., is without merit, there being no specific acts to show that the defendant in error did anything to improperly influence the jurors with whom he was associated to render a verdict in his favor.

2. This was a suit for specific performance to compel the execution by an administrator of certain deeds to land which it was averred the administrator's intestate had agreed to convey for a stated consideration, the performance of which by the plaintiff was duly alleged; and the existence of the parol contract was a material question in issue. It was error for the court to admit in evidence certain unsigned instruments in writing, purporting to convey the land in question.

3. In a suit for specific performance of a parol contract for the conveyance of land, a charge in substance to the effect that the burden was on the plaintiff to establish by evidence the parol contract as alleged, to the requisite degree of certainty, and that if he did so establish the parol contract by evidence he would be entitled to a decree, was erroneous in that it stopped short of imposing also upon the plaintiff the burden of showing by evidence performance on his part of the contract, where the con-

sideration of the conveyance was services rendered and to be rendered by the plaintiff to the intestate of the defendant administratrix.

4. The other ground of the motion for a new trial shows no error requiring the grant of a new trial.

No. 2461. NOVEMBER 17, 1921.

Action for specific performance. Before Judge Walker. Lincoln superior court. December 31, 1920.

*Colley & Colley,* for plaintiff in error. *John T. West,* contra.

BECK, P. J. This was a suit for specific performance. The plaintiff prayed for a decree requiring the administratrix of his mother, Mrs. Grace A. Bentley, to execute a deed to the premises in dispute. He based his contention that he was entitled to the execution of such a deed and to specific performance on the ground that his mother had, in consideration of love and affection and the past services rendered by the plaintiff and the agreement on his part to perform certain other services set forth in the petition, made a parol contract to convey to him certain lands. The jury upon the trial of the case returned a verdict in favor of the plaintiff. The defendant made a motion for a new trial, which was overruled, and he excepted.

1. The ruling made in the first headnote requires no elaboration.

2. The court erred in admitting in evidence an unexecuted deed purporting to be a conveyance from the intestate of the defendant, of the tract of land in dispute, to the plaintiff in error. The fact that a deed had been drawn and purported to convey the land in question in accordance with the parol contract upon which the plaintiff bases his right to specific performance might have had weight with the jury in determining the question as to whether the parol contract alleged was actually made and entered into, when as a matter of law it is not entitled to such weight, and was irrelevant, especially in the absence of evidence that the grantor named in the unsigned paper had herself prepared the instrument; and the evidence of certain witnesses that she had intended or desired to sign such an instrument did not render the paper itself admissible in evidence.

3. Error is assigned upon the following excerpt from the charge of the court: " The law places a certain burden on the plaintiff in this case, which he must carry before he would be entitled to have a verdict at your hands, which he now and here asks for in

the case. He must show you, and that by evidence in the case, that there was a parol contract between him and his mother, as he contends, and he must show you that contract and the terms thereof. This he must establish so clearly and strongly and satisfactorily as to leave no reasonable doubt as to this contract and its terms. That burden he must carry before he would be entitled to have a verdict at your hands. I charge you that if he does carry that burden, and in the way I have explained to you, he would be entitled to have a verdict at your hands." The defect in this charge is that it failed to instruct the jury that it would be necessary for the plaintiff, in addition to establishing by evidence the parol contract as alleged to the degree of certainty required, to show by evidence such performance on his part as would entitle him to a decree for specific performance in a court of equity. The court did in other parts of the charge clearly instruct the jury that the plaintiff was required to show performance and compliance with his part of the contract, but the instruction which we have set forth above and which we have held to be defective stands apart and separate from the other parts of the charge; and while this court might not have reversed the judgment on this ground alone, but might have reached the opinion that in view of subsequent portions of the charge the defect in that part of it under consideration was cured or rendered harmless, nevertheless, as the judgment refusing a new trial is reversed on another ground, it is deemed best to point out the defect in the charge complained of, so that the error may be avoided upon the next trial.

4. The other portion of the charge criticised in the motion for a new trial was not error, in view of the note by the court appended to the motion.

Inasmuch as the case is remanded for a new trial, no opinion is expressed as to the sufficiency of the evidence.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent because of sickness.*