SCOTT *v.* WILLIAMS *et al.*

No. 6760. NOVEMBER 17, 1928.

*E. P. & J. Cecil Davis*, for plaintiff in error.
*J. H. Terrell* and *M. L. Felts*, contra.

GILBERT, J. Fleming Williams et al., children of Mattie Williams Scott, filed a petition against Henry Scott, their stepfather, and alleged that the defendant was in possession of a described tract of land under a purchase in conjunction with petitioners and their mother at an administrator's sale on October 10, 1924; that at the time of said purchase it was agreed that the defendant and

petitioners and their mother should have such interest in said property as was represented by their respective contributions to the purchase-price, and the deed was to be made to all of them; that their mother died on August 6, 1927, and they only recently learned that the deed was fraudulently made to the defendant, only; that the purchase-price was $426, of which amount the defendant contributed $150 and petitioners contributed $226; that they recognize defendant's equity in the sum he contributed and such equity as he has by virtue of being the surviving husband of their mother; that their mother left no will, but in fact contributed $50 of said purchase-price, and her equity thereby is the principal asset of her estate which is unadministered; that upon their mother's death petitioners and the defendant inherited equal shares of the mother's interest in said land, being her heirs at law, which shares therein vested at her death; that the defendant insists that the title and right to all said tract of land vested in him on his said wife's death, under the deed executed by said administrator on said sale date. The petitioners prayed that title be decreed in them and the defendant according to their respective interests, that Mattie Williams Scott's interest be decreed to be vested equally in petitioners and the defendant; and for general relief. After the defendant had answered, the petition was amended, and it was alleged that the petitioners advanced $226 to the defendant to apply on the purchase-price of the land at the time of purchase, when it was agreed that title was to be taken in the name of the petitioners, their mother, and the defendant; and it was further prayed that an implied trust be decreed in their favor for their interest in the interest of their mother, and that the defendant be required to convey it to them. The defendant's answer denied that Mattie Williams Scott or any of the petitioners contributed any sum whatever toward the purchase of the land, and set up that he solely paid $426 therefor. It further denied that there was any such agreement as to title as petitioners set up, and alleged that his deed was recorded on October 14, 1924, which was notice to petitioners that title had been taken solely in him.

The evidence was indefinite as to what amounts were paid by the respective petitioners, and there was no clear evidence that some of them paid anything. One of the petitioners testified that her brothers gave the mother $25 that witness knew of, that the

mother paid this on the purchase-price, and that she several times paid money thereon which "the boys" gave her. Fleming Williams testified, in part, as follows: "We paid the $100 first to our mother to give Mr. Anderson, and me and my other brother, Walter, paid the balance to our mother. . . Eddie and I paid it all except $200." Bob Anderson, who bought the land at the sale, testified in part thus: "Henry paid $50 at one time, and the next time he paid $50 again, and he did not pay any more until he paid the last. I don't know how much the last payment was; it was something over $100. . . I paid for the house, and they paid me $426. The first money, Mattie paid $100 and Henry paid $50 and $50 again, and she paid a little along, and when the last was paid it was a little over $100."

The jury rendered a verdict for the plaintiffs. The defendant moved for a new trial. The motion was overruled, and he excepted.

■■ Headnotes 1 and 2 do not require elaboration.

■ The defendant is in possession of the land in question as grantee under a deed. The plaintiffs are undertaking to set up a parol contract for the purchase of the land, under which they would be entitled to undivided interests therein. Under the Civil Code (1910), § 3222 (4), all contracts for the purchase of land must be in writing. There are some exceptions, such as where the purchase-price has been paid. In *Wyche* v. *Green,* 11 *Ga.* 171 (4), it was said: "As to the degree or *quantum* of proof that will be required, before relief will be granted against written instruments, the rule is not laid down with inflexible uniformity." In that case the English rule was stated, and it was declared that the language thereof "has been considered too strong;" but it was further said that such a case "should be clearly made out by proofs which are satisfactory." In *Printup* v. *Mitchell,* 17 *Ga.* 558, 567 (63 Am. D. 258), it was said: "A parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. It is a serious matter to substitute a parol sale of real estate for a deed." This question has recurred from time to time, and in one or more cases it has been remarked that the phrase "reasonable doubt" has application to criminal and not civil cases; but in all of the decisions the rule has been clearly recog-

nized that such a parol contract must be established by proof that is clear and satisfactory, and to a degree of mental conviction stronger than a mere preponderance of the evidence. For a full discussion and citation of authorities upon the question, reference is made to *Warren* v. *Gay*, 123 *Ga.* 243 (51 S. E. 302), and *Tanner* v. *Hinson*, 155 *Ga.* 838 (3), 842 (118 S. E. 680).

Thus measured, the evidence in this case is insufficient. It is not so clear and satisfactory as to afford a basis for the jury's finding. No clear and precise contract is established by the evidence; and the evidence as to the precise amounts paid by the several petitioners is not so clear or satisfactory as to authorize the verdict found, upon the principles of an implied trust. The evidence with respect to payments by the wife fails to show that such payments were made from her separate estate, or that the husband either contracted to pay her for laboring with him or made a gift to her of a portion of his crop on the farm. It was not shown that the money actually turned over to Anderson was a payment by the wife in her own behalf or in behalf of her husband. In such circumstances the evidence failed to show a definite interest either under a parol contract or as an implied trust. "Where a husband buys land and takes title in his own name, the wife can not in equity establish an implied trust and recover an undivided interest in such land by showing that a portion of the purchase-price was paid from the fruits of her labor. She must show that some definite portion of the purchase-price was paid by her from her separate estate. *Mitchell* v. *Rawls*, 130 *Ga.* 608 (61 S. E. 475); *Mock* v. *Neffler*, 148 *Ga.* 25 (3), 27 (95 S. E. 673);" *Lane* v. *Lane*, 149 *Ga.* 581 (101 S. E. 582). Moreover, Anderson was not the vendor of the land. He was merely the lender of money with which to pay the purchase-price. Therefore the petitioners are not entitled to a decree setting up title in themselves to undivided interests in the land.  *Judgment reversed. All the Justices concur.*