BARNETT *et al. v.* HENRY, administrator, *et al.*

No. 15382.   FEBRUARY 21, 1946.

*William Butt,* for plaintiffs.

*Wood & Tallant* and *T. H. Crawford,* for defendants.

HEAD, Justice. (After stating the foregoing facts.) The question for determination by this court is, whether or not the evidence shows that the deceased, Judie Henry, and her brother, Thomas Henry, the defendant, made such a parol contract for land as would support a decree for specific performance.

It appears from the testimony of Wade Allen and Mrs. Ferguson that the deceased, Judie Henry, on several occasions stated that she wanted her brother, Thomas Henry, to have her property. It nowhere appears in the evidence of either of the witnesses for the defendant that such a contract as is required by the decisions of this court to support a decree for specific performance was ever made and entered into between the deceased and her brother.

The pleadings are vague and uncertain as to the alleged contract. From them it can not be determined with any degree of certainty whether it is claimed that the contract was made during the time the deceased and her brother were living together prior to his marriage, or whether the alleged contract was made after such marriage and after the deceased had left the home of her brother and built a home of her own. The allegation is made that more than four years prior to her death the deceased "told this defendant that she wanted him to have her property, that she wanted him to take care of her while she lived if and when she reached the point where she was unable to take care of herself." There is no allegation in the petition that Judie Henry was ever unable to take care of herself. The evidence for the defendant shows that she had gone to her wash-place to work when she was suddenly stricken and died.

It is undisputed that the defendant paid the funeral expenses of his sister. Numerous tax receipts were introduced by him in support of his contention that he had paid taxes on her property. While the allegations of the response filed by Thomas Henry make burial expenses and the payment of taxes a part of the alleged contract, these items are not referred to in the testimony of the witnesses, Wade Allen and Mrs. Ferguson, upon whose evidence the respondent relies to establish the contract alleged.

The testimony of Allen was to the effect that he had seen Henry haul in wood there, and that he had taken in rations. From the evidence of this witness as to when these rations were carried in, it is not shown that this occurred after the date Thomas Henry married and his sister built a home and lived to herself, but the inference is that such transactions occurred during the time the defendant and his sister were living together.

The rule with reference to such a contract as is here sought to be established has been stated many times by this court. In *Miller* v. *Cotten*, 5 *Ga.* 341, it was held: "To justify the specific execution of a parol agreement, its terms and conditions should be precisely stated. If the contract, which is sought to be performed, is vague and uncertain, or the evidence does not support it, equity will not enforce it."

In *Printup* v. *Mitchell*, 17 *Ga.* 559 (63 Am. D. 258), the court stated the rule with reference to parol contracts for land as follows: "A parol contract for land, like the reformation of a deed by parol proof, should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement."

In *Shropshire* v. *Brown*, 45 *Ga.* 175, the court held: "To entitle a complainant to a decree for a specific performance of a parol contract for the sale of land, the contract must first be established with reasonable certainty, and the consideration claimed to have been paid or rendered therefor must be clearly and satisfactorily proved to have been paid or rendered, in pursuance of that contract; otherwise, a specific performance of the alleged contract should be refused."

In *Bird* v. *Trapnell*, 149 *Ga.* 767 (102 S. E. 131), on a similar question, this court held: "Equity will specifically enforce a parol agreement entered into between two persons, by the terms of which one is to perform certain services during the lifetime of the other, and the latter is to convey certain land at or before his death in consideration of such services, if the contract be definite and specific, based upon a full or partial performance of consideration in the way of services performed on the one side and a failure or refusal to perform on the other, and the proof of such contract be clear, strong, and satisfactory. The evidence in this case not measuring up to the rule just stated, the court did not err in granting a nonsuit."

In *Scott* v. *Williams,* 167 *Ga.* 388 (145 S. E. 651), with reference to the degree of proof required of such contracts, it was held: "This question has recurred from time to time, and in one or more cases it has been remarked that the phrase 'reasonable doubt' has application to criminal and not civil cases; but in all of the decisions the rule has been clearly recognized that such a parol contract must be established by proof that is clear and satisfactory, and to, a degree of mental conviction stronger than a mere preponderance of the evidence." Certainly in the present case the evidence does not measure up in any degree to the requirements as stated in *Scott* v. *Williams,* supra.

It is strongly inferred by the testimony of the witnesses for the defendant in the present case that his sister preferred that he have her property. Under the allegations and proof, as evidencing a desire of the deceased, the same is within the rule of *Studer* v. *Seyer,* 69 *Ga.* 125, where the deceased by an invalid will had undertaken to convey his property, in gratitude for services rendered him. The court held that no such contract was shown as would authorize a decree for specific performance, and stated further: "Admitting to the fullest extent that upon the execution of the paper it was the most earnest wish and desire of the intestate to have given to the complainant his entire estate, a court of equity can not lay its hands upon such a fact, with all others herein established, and decree a specific performance of so invalid a paper, how strongly soever it may have been desired by the person making it at the time of its execution. The absence of all those material elements which are necessary to decree a specific performance makes it simply impossible for a court of equity to entertain a bill for such a purpose in such a case."

In the present case, as in *Studer* v. *Seyer,* supra, the court can not substitute the wishes and desires of the intestate for a contract, such as would authorize a decree for specific performance. In this connection see also *Beall* v. *Clark,* 71 *Ga.* 818; *Poullain* v. *Poullain,* 76 *Ga.* 420 (2) (4 S. E. 92); *Harper* v. *Kellar,* 110 *Ga.* 420 (35 S. E. 667); *Dwight* v. *Jones,* 115 *Ga.* 744 (42 S. E. 48); *Warren* v. *Gay,* 123 *Ga.* 243 (51 S. E. 302); *Coffey* v. *Cobb,* 140 *Ga.* 661 (79 S. E. 568); *Smiley* v. *Smiley,* 144 *Ga.* 546 (87 S. E. 668); *Gordon* v. *Spellman,* 148 *Ga.* 394 (2) (96 S. E. 1006); *Lloyd* v. *Redford,* 148 *Ga.* 575 (97 S. E. 523); *Steed* v.

*Bentley,* 152 *Ga.* 267 (3) (109 S. E. 498) ; *Brittain Bro. Co.* v. *Davis,* 174 *Ga.* 1 (161 S. E. 841) ; *Johns* v. *Nix,* 194 *Ga.* 152 (2) (20 S. E. 2d, 758) ; *Salmon* v. *McCrary,* 197 *Ga.* 281 (29 S. E. 2d, 58) ; *Haynes* v. *Ellis,* 199 *Ga.* 702 (35 S. E. 2d, 151). In this case there was no evidence of such a contract as would support a decree for specific performance. It was error to overrule the motion for new trial.

*Judgment reversed. All the Justices concur.*