SHADBURN *v.* TAPP.

No. 18238.   Argued June 8, 1953—Decided July 14, 1953.

W. L. *Nix*, for plaintiff in error.

*E. W. White* and *Allison & Pittard*, contra.

HEAD, Justice.  In the first four grounds of the amended motion for new trial, and in ground 13, it is asserted that the court erred in excluding oral and documentary evidence offered for the purpose of showing that, at the time Glyndon P. Tapp went into business, he used funds obtained from his father's estate, which belonged to all of his father's heirs, to obtain necessary equipment, and that his brothers and sisters assisted him financially in his business. Counsel insist that this evidence would illustrate the reasonableness of the alleged intention of the deceased to make a will leaving the funeral business to his nephew, the petitioner.

Since no demurrer was filed to the allegations of the petition, it is not necessary for this court to determine whether or not the petition alleged such a contract to make a will as might be enforced in equity. However, there is certainly no allegation in the petition, as amended, that any part of the consideration of the alleged contract was the fact that the family of the deceased may have given him assistance in establishing his funeral business, or that he had used funds of his father's estate in such business. This evidence was not germane to the issue on trial, and was properly excluded.

■ Ground 5 assigns error on the exclusion of certain testimony of the petitioner, objected to on the ground that it related to transactions and communications between the petitioner and the deceased, which were inadmissible under the Code, § 38-1603 (1). It is contended in this ground that the testimony was admissible because the action was not one defended by the "personal representative of a deceased person."

In *Johnson* v. *Champion*, 88 *Ga.* 527 (15 S. E. 15), it was held: "A widow whose husband died intestate after the passage of the act of December 12th, 1882 (Acts of 1882-3, p. 47) [now Code, § 113-903 (1)], leaving no lineal descendants, is, in the absence of evidence that he left debts which are still unpaid, entitled to his whole estate without taking out letters of administration thereon. And being so entitled, she is his 'personal representative,' and in a suit against her by one claiming to be a creditor of her husband, the plaintiff is not a competent witness to establish an alleged contract between himself and the deceased out of which the alleged indebtedness arose." See also *Neely* v. *Carter*, 96 *Ga.* 197, 204 (23 S. E. 313); *Willis* v. *Bonner*, 136 *Ga.* 720 (71 S. E. 1048); *Tidwell* v. *Garrick*, 149 *Ga.* 290 (99 S. E. 872); *Hardeman* v. *Ellis*, 162 *Ga.* 664, 667 (27), 704 (135 S. E. 195); *Phillips* v. *Phillips*, 163 *Ga.* 899, 900 (7) (137 S. E. 561).

In the present case, the petitioner alleged that the defendant was the sole heir at law of the deceased, who died intestate, and that she had obtained an order from the ordinary of the county that no administration was necessary on his estate. Under section 4 of the act of 1945 (Ga. L. 1945, p. 169; Code, Ann. Supp., § 113-1235), this order of the ordinary can not be issued until he has determined that the estate owes no debts. Under the allegations of the petition, the defendant was clearly the "personal representative" of the deceased, and the petitioner was incompetent to testify as to transactions or communications by him with the deceased.

It is further contended in this ground that, even if certain parts of the testimony were properly excluded, other parts were admissible, and that the court erred in excluding the admissible testimony. The ground is very lengthy and contains numerous questions of counsel and answers of the witness, with objections

of opposing counsel and rulings of the court. At least a part of the testimony which it is contended was erroneously excluded appears in the record.

"Where a lengthy extract from the testimony of a witness is set forth in the ground of a motion for new trial and it is claimed by movant that the evidence was admissible, and it appears that a part of it was inadmissible, the ruling of the court excluding the testimony as a whole will not be reversed." *Skipper* v. *Alexander,* 172 *Ga.* 246, 247 (157 S. E. 273); *Chambers* v. *Wesley,* 113 *Ga.* 343 (2) (38 S. E. 848).

The court did not err in overruling this ground of the amended motion for new trial.

■ In ground 6, it is contended that the court erred in permitting the petitioner to give certain testimony on cross-examination, over the objection of counsel for the petitioner that it was irrelevant and immaterial and would constitute a transaction between the witness and the deceased. This testimony was in regard to his working in the funeral home after the death of Mr. Tapp, receiving stated amounts of money, operating the business, and leaving the business on notice from Mrs. Tapp, the defendant.

The testimony of this witness was relevant under the pleadings, and it was not erroneous to allow the testimony to be submitted to the jury.

■ In grounds 7 and 8, it is asserted that the court erred in admitting in evidence certain checks for various amounts, issued by the Tapp Funeral Home or Mrs. Louise Tapp subsequently to the death of Glyndon P. Tapp, and endorsed by the petitioner.

This documentary evidence illustrated the contention of the defendant that, after the death of the deceased, the petitioner was working for a salary, and not as the equitable owner of the funeral home, and the court did not err in allowing this evidence.

■ Ground 9 complains that the court erred in allowing the witness, Mrs. Ward, who operated a funeral home in Gainesville, Georgia, to testify that in 1941, 1942, and 1943 she paid an apprentice in her undertaking establishment from $10 to $15 a week. The objection to this testimony was that it was irrelevant, immaterial, and did not illustrate any issue in the case. It is contended that this testimony could not illustrate the value of

any services rendered by the petitioner because it was not shown that the services were rendered in the same town, or in the same undertaking establishment, or under similar circumstances, and that the evidence showed that the petitioner was an experienced undertaker and embalmer, whereas this testimony related to the salary of an apprentice.

The petitioner testified that he finished high school in 1942, and attended a school of mortuary science in 1943. It would therefore appear that, during the years 1941, 1942, and 1943, he was not a licensed embalmer. The testimony was relevant on the issue as to whether the petitioner had been amply compensated for the services he had rendered the Tapp Funeral Home, and the court did not err in admitting it.

■ Ground 10 contends that the court erred in allowing certain testimony of the defendant, Mrs. Tapp, over the objection that it illustrated a definite transaction between the petitioner and the deceased. The rule here sought to be invoked has no application to the testimony of this witness, she being in no sense the *opposite party* to her intestate within the meaning of the Code, § 38-1603 (1). See *Lane* v. *Howard*, 201 *Ga.* 616 (2) (40 S. E. 2d, 537).

■ Grounds 11 and 12 assign as error the admission of testimony of the defendant (in ground 11) that she had invested her individual money and property in the business of the deceased, and (in ground 12) that she had answered ambulance calls, giving a specific instance. This testimony was objected to on the grounds that it was irrelevant and immaterial, and that the evidence set out in ground 12 was highly prejudicial.

The record does not show that any demurrers were filed in this case either to the petition or the answer. The evidence objected to in these grounds was germane under the answer of the defendant, and was properly admitted.

■ In ground 14, it is asserted that the court committed error in charging the jury in regard to the contention of the defendant that the petitioner was estopped from asserting his claim.

The trial judge in his charge gave a rather complete statement of the pleadings, and the excerpt complained of in this ground is a part of his statement of the contentions of the defendant. The trial judge correctly stated the contentions of the defendant in

her amended answer, to which there was no demurrer, and no error is shown in this ground. See *Jones* v. *Hogans,* 197 *Ga.* 404, 412 (29 S. E. 2d, 568), and cases cited.

In ground 15, it is asserted that, since the court charged the jury on the contention of the defendant in regard to estoppel, the judge should have charged that the burden was on the defendant to sustain her plea of estoppel by a preponderance of the evidence. Except for the statement in regard to the contentions of the defendant, the court gave no charge to the jury on the principles of law governing estoppel. It could not be harmful to the petitioner that the judge did not charge on the burden of proof when estoppel is relied upon as a defense, since he did not instruct the jury that they might find for the defendant if the evidence showed an estoppel.

■ "A parol contract for land of which specific performance is sought should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." *Gordon* v. *Spellman,* 148 *Ga.* 394 (2) (96 S. E. 1006); *Lloyd* v. *Redford,* 148 *Ga.* 575 (97 S. E. 523); *Scott* v. *Williams,* 167 *Ga.* 386, 388 (145 S. E. 651); *Suber* v. *Black,* 168 *Ga.* 439, 441 (148 S. E. 81). Under the rule stated, the evidence in the present case, even if sufficient to sustain a verdict for the petitioner, would not demand a finding in his favor. Therefore, it was not error to overrule the general grounds of the motion for new trial.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*