A. H. FOSTER, and others, plaintiffs in error, vs. LEEPER & MENAFEE, defendants in error.

[1.] A party on the record, who at the trial, has no interest in the event of the suit may be examined as a witness. *The Central Rail Road & Banking Co. vs. Hines, Perkins & Co.* 19 *Ga. Rep.* 203, *affirmed.*

[2.] The copy of a letter purporting to have been written by defendants to plaintiffs, is inadmissible, there being no proof that it was ever received or even sent.

[3.] Letters written by defendant acknowledging the terms of the contract sufficient to take the case out of the statute of frauds.

[4.] If plaintiff calls two days before the time, when bacon is to be delivered, at the request of defendant, and is told that it will not be delivered because it has been sold to others, no further demand is necessary.

[5.] If the evidence fully supports the verdict, it will not be set aside on the ground of excessiveness.

Assumpsit, in Catoosa Superior Court. Tried before Judge CROOK, at May Term, 1859.

This was an action by Michael Dickson, Thomas A. Buford, and Alexander H. Foster, against John Leeper and E. P. Menafee, partners under the name and style of Leeper & Menafee, for the recovery of damages, alleged in

Foster et al vs. Leeper & Menafec.

their declaration to have been sustained by reason of the failure and refusal of defendants to deliver to plaintiffs at Murfreesboro, in the State of Tennessee, sixty thousand pounds of bacon, as they had agreed and undertaken to do. The declaration further alleged that said defendants agreed and contracted to deliver said bacon at the place aforesaid, by the 20th March, 1857, at and for the price of nine cents per pound, and that plaintiffs, on that day, demanded said bacon, and were ready to pay for the same, but defendants failed and refused to deliver the same, and that said bacon was worth at that time 15 cents per pound, and plaintiff's thereby were damaged the sum of $3,600.

The case was submitted upon the evidence and charge of the Court. The jury found for the plaintiffs six hundred dollars. Defendants moved for a new trial on the following grounds:

1st. Because the Court erred in permitting Alexander H. Foster, one of the parties plaintiffs, on the record, to be examined as a witness for the plaintiffs.

2d. Because the Court erred in excluding from the jury the copy letter from defendants to A. H. Foster, one of the plaintiffs dated 12th March, 1857, which was tendered in evidence by defendants.

3d. Because the verdict is contrary to the evidence, and strongly and decidedly against the weight of the evidence, and contrary to law.

4th. Because the verdict is against the charge of the Court in this, that the Court charged the jury, " that it was necessary for plaintiffs to prove that they were ready to comply with said contract on their part, by paying the money for the bacon, before they were entitled to recover." There being no evidence, as defendants insist, that plaintiffs were ready so to comply.

5th. Because the jury found contrary to the charge of the Court in this, that the Court charged, " that the plaintiffs were not entitled to recover (the amount being more than

£10) unless they accepted part of the bacon, and actually received the same, or gave something as earnest to bind the bargain, or in part payment, or there was some note or memorandum in writing, signed by the parties to be charged, or by their agents thereunto lawfully authorized." Defendants insisting that there was no evidence of any such acceptance, part payment, or note or memorandum in writing.

6th. Because the Court erred in refusing to charge, as requested in writing by the defendants' counsel, that if the jury believed that the bacon was to be delivered at Murfreesboro, on or after the 20th March, and plaintiffs never called for it on or after that date, then the defendants are not liable; that calling for the bacon on the 18th March would be no compliance with a contract to deliver on the 20th, or up to 1st April. In other words plaintiffs must show that they demanded or called for the bacon on the day it was, by the contract, to be delivered, and that they were ready to pay the money for it, and failing to prove this, they cannot recover. And in lieu of said charge thus requested the Court charged the jury, that if they believed that one of the plaintiffs called on defendants before the day for the delivery of the bacon—say on the 18th March, and defendants informed him that the bacon had been sold to other parties, then it was not necessary for plaintiffs to show that they again called on the 20th, the day the bacon was to have been delivered as per contract, provided they should think that a contract had been proved.

7th. Because the damages were excessive.

After argument, the Court set aside the verdict, and granted a new trial on the third, fourth and fifth grounds of the motion.

To which decision plaintiffs excepted.

DABNEY; McCONNELL; and AKIN, for plaintiffs in error.

WALKER; and HACKETT, *contra.*

*By the Court.*—LUMPKIN J. delivering the opinion.

[1]. Was Foster a competent witness for the plaintiffs? We hold that he was upon the authority of the *Central Railroad & Banking Co., vs. Hines, Perkins & Co.,* (19 *Ga. Rep.* 203,) with which we are satisfied.

[2.] Was the Court right in excluding as testimony from the jury, a copy of a letter, purporting to have been written by defendant to Foster, the 12th of March, 1857? We think so; for this reason, amongst others, that it did not appear that the original was ever received by him, or even that it was sent.

[3.] Does this case come within the statute of frauds? We think not. The letters of the defendant contain a sufficient acknowledgement of the contract.

[4.] The request asked of the Court was not law, even admitting that the bacon was to be delivered, and paid for, between the 20th of March and the 1st of April, 1857. If the plaintiff called on the 18th of March to get the bacon, in accordance with the wishes of the defendants, as communicated in their letter, and was informed by them that they could not comply with their contract, for that they had sold the bacon bought for him to others, that dispensed with any future or further demand or offer to comply with their contract by Foster, & Co.

[5.] Nor do we think the recovery excessive. Defendants proposed to sell Foster sides at 12½ or 13 cents, and that is the best proof of what bacon was worth at the time. And the clerk of defendants testifies that the difference between the price of sides and the hog round, was from 1 to 1½ cents. This will leave a margin sufficiently broad to cover the damages, and that too after deducting the expenses of furnishing casks and packing.

[6.] The evidence, we think, was ample to support the verdict. This is a plain case; the price of bacon rose, and the defendants considered it better to risk a recovery in

damages rather than comply with their contract. The jury likely did right.

Judgment reversed.