### Ryals *v.* Powell.

1. Where the plaintiff showed a legal title to the premises in dispute, and the defendant had no title but relied upon an alleged contract between her and the plaintiff's vendor, which she asserted was that this vendor was to purchase the land, and when she had paid him $150 he was to make her a title thereto, and on this point the evidence was conflicting, she testifying that she paid him the $150, and he testifying that she had never paid him a cent on the purchase money but that the amount she did pay him was for rent of the premises, there was no error in refusing to grant a new trial on the ground that the verdict for the plaintiff was contrary to law and evidence.
2. Where the defendant, by equitable plea, distinctly made the allegation that the plaintiff, at the time he purchased, knew that she had bargained with his vendor for the land and had paid the purchase money, and testimony on this question was admitted, an objection to a charge of the court on this subject, that the question as to whether the plaintiff was an innocent purchaser or not was not involved in the case, is not well-taken.
3. Whenever the burden is upon the plaintiff, he has the right to open and conclude the argument, although the defendant in his pleas may take the affirmative upon certain issues in the case
April 29, 1889.

New trial. Evidence. Verdict. Charge of court. Pleadings. Practice. *Onus.* Before Judge Hutchins. Gwinnett superior court. October term, 1888.

Reported in the decision.

C. H. Brand and Juhan & Brown, for plaintiff in error.

S. J. WINN & SON and T. M. PEEPLES, *contra*.

SIMMONS, Justice.

Powell brought complaint for a certain tract of land in the town of Lawrenceville, against Ann Ryals. The defendant filed an equitable plea, wherein she alleged that she bargained for the land in dispute with one Vaughan, and being unable to pay for it, Strickland bought it for her, and agreed to allow her to pay $150 for it in instalments; that she paid him $72.50 in money and the balance in her wages, which, under an agreement between them, Strickland was to retain for that purpose; that the $72.50 and her wages were sufficient to pay the whole amount of the purchase money of the land; that Strickland took the deed in his own name, and afterwards sold it to Powell, the plaintiff; that Powell bought it with full knowlodge of her bargain with Strickland; and that she had gone into possession of the place and made improvements thereon. She prayed that Strickland be made a party plaintiff to the suit, and that the deed made by him to Powell be cancelled and set aside.

On the trial of the case, the jury found a verdict for the plaintiff for the premises in dispute, and a verdict in favor of the defendant against Strickland for $38. The defendant made a motion for a new trial, on the grounds (1) that the verdict was contrary to law and to the evidence; (2) that the court erred in charging the jury that if the plaintiff bought the lot with no notice of the defendant's claim or ownership, or right to possession and title as purchaser from Strickland, and no reasonable grounds to suspect it, if true, he would be an innocent purchaser, and would be protected; and in that case it would be the duty of the jury to find for the plaintiff against the defendant; (3) that the court erred in refusing to allow counsel for the defendant to open

and conclude the argument before the jury. The motion was overruled, and the defendant excepted.

1. We do not think that the court erred in refusing to grant the motion for a new trial on the ground that the verdict was contrary to law and the evidence. There was sufficient evidence to authorize the finding of the jury in the case. The plaintiff showed a legal title to the premises in dispute. The defendant had no legal title, but relied upon the alleged contract between her and Strickland, which she asserted was, that Strickland was to purchase the land from Vaughan, and when she paid him $150, he was to make her a title thereto. On this point the evidence was conflicting, she testifying that she paid Strickland the $150, and he testifying that she had never paid him a cent on the purchase money; but that the amount she did pay him was for rent of the premises.

2. There was no error in the charge of the court complained of in the 2d ground of the motion. The objection made to it in the motion for a new trial was, that the question as to whether Powell was an innocent purchaser or not, was not involved in the case. Upon reading the equitable plea of the defendant, it will be seen that she distinctly makes the allegation that Powell, at the time he purchased from Strickland, knew that she had bargained with Strickland for the land, and had paid the purchase money. And testimony was admitted by the court upon this question. We think, therefore, that there was no error in the charge of the court on this subject.

3. Nor was there any error in refusing to allow the defendant's counsel to open and conclude the argument. Powell was the plaintiff in the court below, and the burden was on him to establish by proper evidence his right to recover the land. Whenever the burden is upon the plaintiff, he has the right to open and con-

clude the argument, although the defendant in his pleas may take the affirmative upon certain issues in the case.

*Judgment affirmed.*