HEERY, administrator, *v.* HEERY, next friend.

LUMPKIN, J. A minor child, by her father as her next friend, filed her equitable petition against the administrator of a deceased person, who died intestate, alleging, among other things, the following: The dece-

dent, an elderly man without near relatives, who was very friendly with the father of the plaintiff and very fond of her, stated to her father that he wished the latter could and would let him make the latter's home his home during the remainder of his life, or as long as he wished, so that he might be cared for and looked after. He stated that he had a considerable amount of property, and wished to leave to the plaintiff everything which he possessed at the time of his death, and that if the plaintiff's father would take him into the house of the latter as a member of the family, he would leave everything that he had to the plaintiff by will; and such a contract was made between the decedent and the plaintiff's father. It was carried out on the part of the plaintiff's father; the decedent became a member of the family, made the house of the plaintiff's father his home, and was taken care of during the last three years of his life; but he died without having made a will or having carried out his part of the contract. The prayers were, that the contract be declared binding on the administrator, that he be enjoined from disposing of any of the property not already sold, that such property be decreed to belong to the plaintiff, or that the administrator be decreed to make a proper conveyance specifically performing the contract, and that she have a decree for the value of the proprty already sold by the administrator, thus decreeing specific performance as far as possible and compensation for the property already sold; and for general relief. The defendant demurred to the petition on several grounds, among them being that there was no proper party plaintiff, because, if any contract was made between the decedent and the father of the plaintiff, the latter was the only proper party to maintain a suit for the specific performance thereof, and that the plaintiff was not entitled to proceed for the purpose of obtaining specific performance. Over objection, the court allowed an amendment, alleging that the contract was made and performed by the father for the benefit of the plaintiff, and making her father the party plaintiff, suing for her use. *Held*:

1. Without deciding whether such amendment was necessary, its allowance was not reversible error. Civil Code (1910), § 5689; *Adams* v. *Barlow*, 69 *Ga.* 302.

2. After the making of the amendment just mentioned, there was no error in overruling the demurrer on the general and special grounds thereof. *Banks* v. *Howard*, 117 *Ga.* 94 (43 S. E. 438); *Belt* v. *Lazenby*, 126 *Ga.* 767 (56 S. E. 81); *Crawford* v. *Wilson*, 139 *Ga.* 654 (78 S. E. 30, 44 L. R. A. (N. S.) 773); Brown *v.* Sutton, 129 U. S. 238 (9 Sup. Ct. 273, 32 L. ed. 664); Anderson *v.* Anderson, 75 Kan. 117 (88 Pac. 743, 9 L. R. A. (N. S.) 229); Bennett *v.* Burkhalter, 257 Ill. 572 (101 N. E. 189, 44 L. R. A. (N. S.) 733, and notes); Baumann *v.* Kusian, 164 Cal. 582 (129 Pac. 986, 44 L. R. A. (N. S.) 756, and notes).

(a) If a contract of the character above indicated, though made in parol, was fully performed on the part of the plaintiff (under the amended petition), the petition would not be demurrable because it concerned real estate, or the making of a will or devise. Civil Code (1910), § 4634; 8 Am. & Eng. Enc. Law (2d ed.), 1019; and the cases above cited.

3. On the trial of such a case, the wife of the plaintiff was not an incompetent witness to testify as to the making and performance of the contract, although she was present when it was made and took part in the conversation leading up to it, and, as the wife of her husband, rendered services to the decedent.

(a) Taking the testimony altogether, it did not appear that such witness was a contracting party, or the agent of such party, within the meaning of the Civil Code (1910), § 5858, par. 5; nor was she a party to the case. *Crawford* v. *Wilson,* supra; *Hall* v. *Hilley,* 139 *Ga.* 13 (3), 14 (76 S. E. 566); *Belcher* v. *Craine,* 135 *Ga.* 73 (5) (68 S. E. 839); *Jackson* v. *Gallagher,* 128 *Ga.* 321 (57 S. E. 750).

4. When taken in connection with the pleadings and evidence, and the entire charge of the court, the excerpts from the charge complained of showed no cause for granting a new trial.

5. The evidence was sufficient to support the verdict, and there was no error in refusing to grant a new trial on any of the grounds contained in the motion. See citations above, and also *Clancy* v. *Flusky,* 187 Ill. 605 (58 N. E. 594, 52 L. R. A. 277); *Bless* v. *Blizzard,* 86 Kan. 230 (120 Pac. 351).

(a) No question as to the relative status of the plaintiff and any creditors of the decedent, if there were any, is here involved.

*Judgment affirmed. All the Justices concur.*
DECEMBER 17, 1915.

Equitable petition. Before Judge Reid. Clayton superior court. November 14, 1914.

*F. A. Quillian, C. B. Copeland, A. C. Corbett,* and *Humphries & Humphries,* for plaintiff in error.

*Alonzo Field* and *Colquitt & Conyers,* contra.