### RIVERS *v.* LANDRUM (two cases).

Under the ruling in the case of *Heery* v. *Heery*, 144 *Ga.* 467 (87 S. E. 472), the court below erred in refusing the interlocutory injunction; and also erred at the hearing in term in dismissing the petition upon demurrer.

APRIL 13, 1916.

Petition for injunction, etc. Before Judge Smith. Campbell superior court. July 12, August 6, 1915.

In the petition brought by Mrs. Rivers against Mrs. Landrum individually and as administratrix of the estate of L. A. Brown, it was alleged as follows: Brown was possessed of "considerable property." His aged mother was living in the house with him. He was unmarried, and was about 53 years of age. Petitioner and her husband and their two children were keeping house in the same county in which Brown lived, he being her uncle. She was engaged in the discharge of her duty, looking after and taking care of her children, waiting on and assisting her husband in making a living, and trying to accumulate property. Brown had no person in his house who could take care of him and look after his

mother; and, approaching petitioner, he proposed to her that if she would change her place of residence, procure the consent of her husband to allow her to live in the house with him, and bring her children, live in his house, and be a comfort to him and his mother, treating them kindly and affectionately during their lives, and would look after and nurse the mother during her life, cook for and wait on him and his mother, nurse him if he should grow ill, and perform other enumerated household duties during his life and that of his mother, he would on his part, as compensation for such services to be rendered by petitioner, execute his last will and testament before his death, and in such will bequeath to her all of the property of every kind which he then owned and which he might acquire between that date and the date of his death. She specified in detail other duties which, under the agreement with the defendant's intestate, she was to perform. The death of Brown and of his mother occurred; and he died without having executed his last will and testament. Certain money, the proceeds of a life-insurance policy taken by Brown and payable to his estate, was sufficient to pay all of the debts of the estate; and the plaintiff was willing that his debts be paid with this money. Full performance on her part of the contract was alleged; and she prayed that specific performance be decreed, and that the court decree that the property owned by Brown at the time of his death (which was set out in an exhibit attached to the petition) is the property of petitioner, and that the defendant be enjoined from administering on it as the property of Brown, or in any way disposing of it or changing the status. Mrs. Landrum, the defendant, was the sister and sole heir at law of Brown. At an interlocutory hearing testimony was submitted by the plaintiff, and the court refused an injunction; to which order the plaintiff excepted. At the trial term the court sustained a general demurrer and dismissed the petition; and to this ruling another bill of exceptions was taken.

*J. F. Golightly,* for plaintiff. *J. H. Longino* and *Dorsey, Brewster, Howell and Heyman,* for defendant.

BECK, J. (After stating the foregoing facts.) It is unnecessary to discuss the questions made in these two bills of exceptions. An examination of *Heery* v. *Heery,* 144 *Ga.* 467 (87 S. E. 472), will show that a case identical with the present one, so far as the essential facts are concerned, was decided by this court, and that

the rulings there made are controlling upon the issues raised in the records before us. It was there ruled that the petition stated a cause of action; and that if a contract of the character above indicated, though made in parol, was fully performed on the part of the plaintiff, the petition would not be demurrable because it concerned real estate or the making of a will and devise. And inasmuch as the uncontroverted evidence in this case showed the making of the contract as alleged and full performance of it by the plaintiff, the court erred, at the interlocutory hearing of the petition, in refusing the injunction; and at the hearing of the demurrer erred in dismissing the case.

*Judgment reversed on both bills of exceptions. All the Justices concur.*