## FARR *v.* WEST.

FISH, C. J. 1. "Valuable improvements," as used in the Civil Code (1910), § 4634, relating to specific performance of a parol contract for the purchase of real estate, mean improvements of such character as add permanent value to the freehold, and such as would not likely be made by one not claiming the right to the possession and enjoy-ment of the freehold estate. Improvements of a temporary and un-substantial character will not amount to such part performance as, when accompanied by possession alone, will take the contract out of the operation of the statute of frauds. *Baucom* v. *Pioneer Land Co.*, 148 *Ga.* 633 (97 S. E. 671); *Edwards* v. *Trustees*, 147 *Ga.* 15 (92 S. E. 531); 25 R. C. L. 264, § 65; Murphy *v.* Hohne, 73 Fla. 803 (74 So. 973, L. R. A. 1917F, 594); Price *v.* Lloyd, 31 Utah, 86 (86 Pac. 767, 8 L. R. A. (N. S.) 870 (5), 878).

2. Applying the foregoing rule to the facts of this case, the averments of the answer, in the nature of a cross-bill, were sufficient as against the demurrer filed thereto. But the evidence for the defendant was not sufficient to show improvements of such a permanent and sub-stantial character as to take the contract out of the operation of the statute of frauds.

(a) The evidence showed that the land in dispute consisted of two small lots in a town, and that they had been previously cultivated. On the subject of improvements the defendant testified: " I had to clean off the weeds and the rubbish and bushes on these lots. At the time she served this notice on me I had planted and cultivated.

I had plowed the cotton two times, and the potatoes were planted I had put out $15 worth of fertilizer on it and $10 or $12 worth of labor on it.. In preparing the land for cultivation that would amount to about $25. . . All I did was to go into possession and clear up the bushes and clean off the land and cultivate it. I went into possession and did all that. Part of the lots had grown up in weeds, and I cleared them up and cultivated it. . They had no trees on them There were some bushes and weeds there. There were jimpson weeds and bushes on there. There were sweetgum and persimmon bushes on there. They did not amount to much. *Held,* that this testimony showed no such substantial and permanent improvements as would amount to part performance within the operation of the rule above announced.

3. Specific performance of a parol contract for the purchase of real estate will not be decreed, unless it is shown, by a preponderance of evidence, clearly and strongly and so satisfactorily as to leave no reasonable doubt as to the agreement. *Gordon* v. *Spellman,* 148 *Ga.* 394 (96 S. E. 1006) ; *Lloyd* v. *Redford,* 148 *Ga.* 575 (97 S. E. 523).

4. Applying the principles above announced to the evidence in the case, the court erred in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 2406. FEBRUARY 14, 1922.

Equitable petition. Before Judge Walker. Warren superior court. December 30, 1920.

*L. D. McGregor,* for plaintiff.

*M. L. Felts,* for defendant.