SUBER, administrator, *v.* BLACK *et al.; et vice versa.*

Nos. 6978, 6985. APRIL 13, 1929.

*Scott Candler* and *Carl T. Hudgins,* for Suber, administrator. *Craighead & Craighead* and *William C. Henson,* contra.

GILBERT, J.   J. W. Black and his sister, Roberta Black, brought suit against R. J. Suber, administrator of John Arnett, and alleged substantially:   On January 15, 1927, Arnett contracted with petitioners as follows:   "Your petitioners were to live with and make their home with said John Arnett for and during his natural life, rendering such services to the said John Arnett as he might from

time to time require, doing and performing such household duties and other services in and about the home said Arnett might require of them, provide him with companionship in his home, assist him in the maintenance of his home, assist him in the preservation and improvement of his property, in the preparation of his meals, the care of his clothes, and to administer personal comforts when required; in consideration of which the said John Arnett contracted and agreed with your petitioners that he would make and execute a last will and testament naming your petitioners as his sole beneficiaries therein, and under which he would will and devise to your petitioners the entire estate, both real and personal, owned by him at the time of his death. That in pursuance of said contract as aforesaid, and upon faith thereof, your petitioners did make their home with said John Arnett from' the date of said contract up to and including the date of his death; and that they did render unto him every character of service which they had contracted to render, and administered to his comfort and welfare to the extent of their ability, and further performed the obligations resting upon them under and by virtue of said contract; and that there was nothing remaining to be done upon their part to comply therewith." The estate consisted of described real estate, but the value was not alleged. It was further alleged that Arnett died on May 20, 1927, but failed to comply with his agreement by executing a will naming petitioners as his sole beneficiaries; that the contract was fully performed by petitioners; and that petitioners, having no adequate remedy at law, prayed that the administrator be enjoined from selling or disposing of the property, for specific performance of the contract, and for general relief. The defendant demurred generally and specially. All demurrers were overruled, except one special demurrer calling for the date of the contract, and petitioners supplied the date by amendment. Defendant preserved exceptions to the judgment overruling the demurrers. The verdict was for the plaintiffs. A motion for new trial was overruled, and the defendant excepted. The plaintiffs filed a cross-bill of exceptions, complaining of a refusal to permit E. R. Craighead, attorney for petitioners, to testify in their behalf, on the ground that the attorney was pecuniarily interested, his compensation being contingent on a recovery in the case. On argument in this court the defendants in error in the main bill of exceptions moved to dis-

miss the writ of error, upon the ground that Suber, administrator, had abandoned and refused to prosecute the case by writ of error. An affidavit of Suber is attached to the motion. It contains an extract from a letter sent by him to all of the heirs at law of Arnett, recites the history of the litigation to the filing of the motion for a new trial by him, and adds that "if the heirs at law of Mr. Arnett will make necessary arrangements for the employment of counsel and for court costs, the case can be defended further."

■ The motion to dismiss the writ of error is denied. The facts submitted in the motion do not show that the administrator refused to prosecute the writ of error, or that the prosecution was contrary to his wish and control.

■ Under the rulings in *Heery* v. *Heery*, 144 *Ga.* 467 (87 S. E. 472), and in *Rivers* v. *Landrum*, 145 *Ga.* 103 (88 S. E. 576), the petition set out a cause of action. The petition is not required to set out the facts with the detailed exactness required as to proof.

■ The court erred in charging the jury as follows: "The burden in this case, gentlemen, rests upon the plaintiffs to make out their case to your satisfaction by a preponderance of testimony in the case. A preponderance of the testimony means a superior weight of the testimony upon the issues involved which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to incline a fair and impartial mind to one side of the issues or the other in the case." In cases like this the burden is not carried by a preponderance of evidence. "'Where specific performance is sought for the enforcement of a parol contract for the sale of lands, such contract and the terms thereof should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement.' *Printup* v. *Mitchell*, 17 *Ga.* 558 (63 Am. D. 258); *Redman* v. *Mays*, 129 *Ga.* 435 (59 S. E. 212); *Gordon* v. *Spellman*, 148 *Ga.* 394 (96 S. E. 1006)." *Lloyd* v. *Redford*, 148 *Ga.* 575 (97 S. E. 523); *Scott* v. *Williams*, 167 *Ga.* 386 (145 S. E. 651).

■ If the defendant desired the court to give in charge certain pertinent sections of the Civil Code (for the failure to do which movants complain), a timely written request should have been submitted.

■ The court did not err in refusing to admit the evidence of counsel employed on contingent fee. *Kitchens* v. *Pool*, 146 *Ga.* 229 (91 S. E. 81).

■ Other grounds of the motion do not show error, and do not require special mention. As the case is remanded for a new trial, no ruling is made on the general grounds of the motion.

*Judgment reversed. All the Justices concur.*