WALL *et al. v.* WOOD.

No. 8412. FEBRUARY 25, 1932.

*Joe Quillian,* for plaintiffs in error. *Robert L. Russell,* contra.

ATKINSON, J. A suit was instituted by heirs at law against the defendant individually and as administrator of the estate of his father, for an accounting and for other equitable relief. The exception is to a judgment overruling the defendant's motion for a new trial.

■ The general grounds of the motion for a new trial are not argued in the brief of the attorney for the plaintiff in error, and under the rules of this court they will be treated as abandoned.

■ It was alleged in the petition that the estate consisted in part of 250 acres of land described. The defendant set up in his answer: "When defendant reached the age of 27 or about that age, his father came to him and told him that if he would continue to stay on the place and work the place, that he would give him one third of the 250 acres in consideration of what he had already done in helping him make a living for the family and in keeping up the place, and would thereafter allow him to have the full use of both the 81-acre farm and the 250-acre farm, provided that defendant would pay all the household expenses and would take care of him, defendant's father, and defendant's mother, the remainder of their lives. Defendant there and then accepted this proposition and continued to work on the said two farms for these sixteen years since that time, and has continued to spend practically all that the said farms made in supporting his father's family and keeping up the two farms." Also, that defendant, on the strength of the agreement, has made specified improvements upon the property

and made specified repairs upon the building and paid the necessary household bills and doctors' bills for his father and mother, and has fully carried out his part of the contract. An amendment to the answer alleged: "Defendant's father, immediately upon defendant accepting said proposition, and for the consideration above set forth, informed defendant that he was then at that time placing title to a one-third undivided interest in said 250-acre tract of. land, and put defendant into possession of the entire 250-acre tract of land with the thorough understanding àgreement between him and defendant that defendant was taking possession of said one-third undivided part of said 250-acre tract of land as owner, and of the remaining two-thirds undivided part of said tract of land, to use the same in raising funds to carry out his agreement to support defendant's father's family. Under said agreement defendant remained in possession of said 250-acre tract of land for about ——— years and until the death of his father. . . Defendant says that all improvements made by him were made on the faith of his father having placed the title to a one-third undivided interest in said land to him." The claim for affirmative relief, as set up in the answer, is in the nature of a claim for specific performance. "Where specific performance is sought for the enforcement of a parol contract for the sale of lands, such contract and the terms thereof should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." *Lloyd* v. *Redford,* 148 *Ga.* 575 (97 S. E. 523); *Farr* v. *West,* 152 *Ga.* 595(3) (110 S. E. 724); *Suber* v. *Black,* 168 *Ga.* 439 (148 S. E. 81).

█ The only special ground of the motion for a new trial complains of the failure of the judge to charge upon the defendant's theory that in virtue of a parol contract of purchase fully performed on his part he was entitled to a one-third undivided interest in specified realty left by the intestate. The evidence relied on to support the alleged contract is shown in the testimony of the defendant, as follows: "When I was about 26 or 27 years old my father and I had a conversation. He talked about giving me one-third interest on some land for what I had done. It was the Wheeler and Campbell place, 250-acre tract. It was what I call the old· home place. I was talking about leaving, and he told me if I would stay there that he would give me that for what I had

done—for what I had done already. That was going to be my undivided interest. I was to receive the rent from both places. For that I was to see after the family. I carried out that contract. Under this agreement with my father, I took possession of the whole 250-acre tract. I made some improvements on that one-third interest of mine." Also the testimony of Mrs. Duncan, a sister of defendant, as follows: "I had a conversation with my father in reference to the title to this 250 acres of land. He said he gave my brother a one-third interest in the 250 acres. He told me he had already done it at the time of the conversation. He said he gave Moses the one-third interest in the 250 acres of land for what he had done for him. He said Moses had worked and taken care of the family and looked after his business. He said he was entitled to more." This evidence did not show the alleged contract and performance thereof by the defendant with sufficient clearness and definiteness to sustain the contract, and the judge did not err in failing to charge as contended in this ground of the motion for a new trial. In this connection see *Potts* v. *Mathis*, 147 *Ga.* 495 (94 S. E. 767); *Bird* v. *Trapnell*, 149 *Ga.* 767 (102 S. E. 131). While this ground of the motion alleges generally that the judge charged on the theory of a gift from the intestate to the defendant, it is not stated what the judge charged on that subject, and there is no sufficient assignment of error upon his charge as given.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Hines, J., who dissent.*