WARDLAW *v.* WARDLAW *et al.*

468

No. 12587. JANUARY 13, 1939.

*Davis & Stephens,* for plaintiff in error.

*George W. Westmoreland,* contra.

GRICE, Justice. This is the third appearance of this case. See 182 *Ga.* 209 (184 S. E. 873) ; 185 *Ga.* 181 (194 S. E. 187), for a full statement of the pleadings and of the issues made thereby. On the last trial the jury rendered a special verdict, and, based on the answers given to certain questions submitted, a decree was entered

in the complainant's favor. Error is assigned on the refusal to grant a new trial.

■ ■ The plat and the memorandum were necessarily a part of the complainant's case; both were referred to in her pleadings, and she was entitled to have them go to the jury. The trial court's ruling in regard thereto is supported by what was decided on the second appearance of the case in this court.

■ The authorities are numerous to the effect that a parol contract for land of which specific performance is sought should be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement. See *Gordon* v. *Spellman,* 148 *Ga.* 394 (96 S. E. 1006), where most of the earlier cases are collected; *Lloyd* v. *Redford,* 148 *Ga.* 575 (97 S. E. 523) ; *Allen* v. *Allen,* 151 *Ga.* 278 (106 S. E. 81) ; *Farr* v. *West,* 152 *Ga.* 595 (110 S. E. 724) ; *Bass* v. *African M. E. Church,* 155 *Ga.* 57 (116 S. E. 816) ; *Hattaway* v. *Dickens,* 163 *Ga.* 755 (137 S. E. 57) ; *Suber* v. *Black,* 168 *Ga.* 439 (148 S. E. 81) ; *Wall* v. *Wood,* 174 *Ga.* 508 (163 S. E. 153). It is equally as sound a proposition that "The jury can not be expected to select one part of a charge to the exclusion of another, nor to decide between conflicts therein, nor to determine whether one part cures a previous error, without having their attention specially called thereto, and being instructed accordingly." *Kelly* v. *Locke,* 186 *Ga.* 620, 627 (198 S. E. 754), and cit.

The plaintiff in error insists that on the application of the two principles just stated he is entitled to a new trial. The trial judge did charge the jury that "the burden is on the plaintiff in this case, and the plaintiff must carry that burden by a preponderance of the evidence;" and at another place in his charge he instructed them that "a parol contract concerning land must be made out so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement;" and in that immediate connection he stated to them that this instruction applied to a written question that they would have before them, to wit, "Did Mr. R. F. Wardlaw enter into an agreement to deed fifty acres of land to Mrs. L. C. Wardlaw in consideration of the amount she has spent in improving the property?" There were other written questions before the jury as to which was applicable, not the reasonable-doubt test, but the simple preponderance-of-evidence rule. For instance, "Did Mrs.

L. C. Wardlaw go into possession of the fifty acres sued for?" That question had nothing to do with the making of the parol contract. There were also questions of which the same observation could be made. So the presiding judge was right in charging generally the preponderance-of-evidence rule, and in charging, with direct reference to the issue as to whether or not a parol contract concerning land had been made, the reasonable-doubt rule. In the instant case the jury were not called on to select one part of the charge to the exclusion of the other, or to decide between conflicts therein. When the issue is parol contract or no parol contract, concerning the purchase of lands, the burden, it is true, is not as to that particular issue carried by a mere preponderance of the evidence, but even the use in that immediate connection of the words, "by a preponderance of the evidence," has been approved when the court went further and charged the jury that the complainant must prove "by a preponderance of the evidence, clearly and strongly and so satisfactorily as to leave no reasonable doubt," etc. *Gordon* v. *Spellman,* and *Farr* v. *West,* supra. There is no merit in this ground of the motion.

■ It is insisted by the plaintiff in error that the evidence does not support the answers returned by the jury to the questions which the court propounded. His contention is that a different contract from that alleged was proved. It is alleged in the original petition "that plaintiff and defendant, R. F. Wardlaw, then (after signing the memorandum) in a few days stepped off where the front corners were to be and then the back line was to be far enough back to contain the fifty acres agreed upon." In the first amendment to the petition it was averred that at that time "all front corners of the fifty acres were established, and acting in accordance with said corners the defendant R. F. Wardlaw and plaintiffs in about a week after contract was made did establish all corners, and in pursuance to this establishment of corners did on the —— day of May, 1933, have same surveyed," etc. The second amendment contains, among other allegations, the following: "That immediately after the execution of this deed and the memorandum all parties went into possession of their respective interests in the land which was going to each under contract, Mrs. L. C. Wardlaw going into possession of fifty acres, the boundaries of which had been agreed upon by her and R. F. Wardlaw, and R. F. Wardlaw

going into possession of the remainder of the land which went to him under the contract." Also, "and the representation of R. F. Wardlaw that he would execute deed as a matter of form as soon as the metes and bounds could be determined (boundaries as a whole agreed upon). . ." Plaintiff in error's insistence is that the allegations of paragraph 6, quoted above, represent that the parties in a few days stepped off where the front corners were to be, etc., whereas the testimony of L. C. Wardlaw was that he and his brother located the corners of the fifty acres that morning. We have examined the testimony of L. C. Wardlaw, and, taken as a whole, it proves that the identical contract which was pleaded was entered into; and on the pivotal issue in the case he is supported by the testimony of Dewitt Wardlaw, and the whole is consistent with the case as pleaded. Nor can we agree with counsel that the nature of the possession shown by Mrs. Wardlaw is insufficient. The insistence is that there was no change of possession, because Mrs. Wardlaw and her husband had been living on the fifty acres before the memorandum was signed, and were living there at the time, and subsequently; that they "just stayed on" as they had been. *Neely* v. *Sheppard,* 185 *Ga.* 771 (196 S. E. 452), is relied on. The distinguishing feature of that case is that the person who was relying on an alleged oral contract to purchase was the tenant, entered the possession as a tenant, and remained in possession as a tenant. There is nothing of that kind found in the instant case. Previously, Mr. Wardlaw was the owner, and he and Mrs. Wardlaw resided on this fifty acres. The possession was his, not hers. When the memorandum was made, having by absolute deed parted with title, what had been his possession of the fifty acres ceased, and if the testimony is to be believed, her possession began. That thereafter the husband continued to reside with her on this fifty acres did not, under the facts appearing in this record, make that possession his possession. See *Knorr* v. *Raymond,* 73 *Ga.* 749 (3); Powell on Actions for Land, §§ 294, 358.

The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*