MYERS *et al. v.* ADCOCK.

No. 14867.   July 7, 1944.   Rehearing denied July 21, 1944.

*Roberts & Roberts,* for plaintiffs.
*Morgan Belser, J. C. Knox* and *H. C. Cox,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■
Counsel for the defendant in error filed a motion to dismiss the
writ of error on the ground that there is no exception to a final
judgment, the motion being based on the authority contained in
Lingo v. Rich, 169 Ga. 628 (151 S. E. 387); Griffin v. Smith, 197
Ga. 123 (28 S. E. 2d, 261), and Williams v. Cross, 197 Ga. 295
(28 S. E. 2d, 924). This court, at the present term, after notice
to the attorneys of record in the instant case, has, in Albany Fed-
eral Savings & Loan Assn. v. Henderson, 198 Ga. 116 (31 S. E. 2d,
20), overruled such portions of the foregoing decisions as would
authorize the dismissal of the instant writ of error. Accordingly,
the motion to dismiss is denied.

■ The trial covered two cases, which, to a large extent, in-
volved the same issues.

In the equity case, wherein Myers sought to cancel the fi. fa. of the
State Bank of Waycross containing a transfer to Long, and to can-
cel the sheriff's deed to Long predicated upon a sale under this
fi. fa., the principal issue was the validity of the transfer endorsed
on the fi. fa. While the transfer of the fi. fa. was dated April 15,
1921, Myers claimed that this fi. fa. had been paid in full in 1923
under a contract in which notes and a security deed had been given,
and subsequently paid, to the State Bank of Waycross; and that
the transfer to Long on the fi. fa. was not made until 1925—that
it was entered on the fi. fa. in 1925 and dated back to 1921.

In the ejectment suit by Adcock, who had purchased the land
from the heirs at law of Long, the sheriff's deed to Long, which
was a link in his chain of title, was attacked on the ground set
forth in the preceding paragraph. In the answer to this eject-
ment suit, W. T. Peters Jr. and H. Lee Peters, who were in pos-
session of the land either as bona fide claimants, or as tenants of the
receiver appointed by the court, claimed that they had contracted
for the purchase of the land with both Myers and Long, and had
performed their part of the contract, but that, by reason of the
conduct and death of parties and attorneys, no deed had ever been
executed and delivered to them.

The evidence pertaining to the above issues is voluminous and
complicated.

In the equity suit to cancel the fi. fa. and sheriff's deed, where-
in the validity of the transfer of the fi. fa. was involved, there was

positive evidence that the transfer thereon was entered on the date shown, to wit, on April 15, 1921. Both F. V. Paradise, the attorney acting for Long, and L. J. Cooper, the president of the State Bank of Waycross, who signed the transfer, so testified. While there was both direct and circumstantial evidence to the contrary, still this was a question of fact for the jury to determine. So also was it a question of fact whether Long, as transferee of the fi. fa., or any one authorized to act for him, consented to the settlement agreement, or received any funds in payment of the notes executed by Myers in extinguishment of the debt thereby created. These were questions for the jury, and on this issue there is evidence to sustain their verdict.

As to the issues involved in the ejectment suit of Adcock v. Peters, Adcock made out a prima facie case by introducing the deeds in his chain of title. The deed from the sheriff to Long, which formed a link in that chain, was attacked on the grounds above stated; but, as already indicated, it was a jury question, and evidence was introduced to sustain its validity. As a further defense to the ejectment-suit portion of the case, Peters sought to establish an equitable title to the land, based upon a parol contract for the sale of the land between W. T. Peters Jr. and the two interested parties, Myers and Long. Whether the alleged parol contract was sufficiently established to take the case out of the statute of frauds (Code, §§ 20-401 (4), 20-402), or whether Peters produced proof that both Long and Myers consented to the terms of the sale, need not here be determined, since the evidence of Mrs. M. A. Long and Howard Farmer made an issue of fact as to the existence of the alleged contract, and from this evidence the jury were fully authorized to determine this issue against the plaintiffs in error.

The trial judge did not err in denying the motion for new trial on the general grounds.

■ It is contended in the 4th ground of the motion that the court erred in permitting Adcock, the plaintiff in the ejectment suit, to assume the burden of proof. Before the introduction of any evidence, the attorney for Myers, plaintiff in the equity suit, invoked a ruling on this question, and insisted that Myers should have the opening and conclusion. The following order consolidating the suits had previously been granted:

"John Doe ex dem.
H. Levy Adcock
   vs.
Richard Roe, casual
ejector, and W. T. Peters
Jr. and H. Lee Peters,
tenants in possession

No. 2934
Ejectment
Walton Superior Court
May Term, 1941.

"J. T. Myers
   vs.
T. L. Long, E. S. Gordon,
and Claude Malcom

No. 1387
Walton Superior Court
Equitable Petition
February term, 1927.

"The above entitled causes involving title to the same tract of land, and the questions of law and facts in the above last-named cause being covered and involved in said first-named cause, by agreement of counsel, it is ordered that said cases and the issues therein be, and the same are hereby consolidated, . . and the same continue as one case under the name and style of the first-named case. That J. M. Roberts, receiver in last-named cause, be and he is hereby made a party defendant in said consolidated cause."

The plaintiff in the equity suit originally had the burden of establishing the invalidity of the deed from the sheriff to Long, and this was a vital and controlling issue in that case. However, when Adcock filed his ejectment suit the burden was on him to prove his title. He not only had the burden of proving the title from the sheriff to Long, but of establishing other deeds in his chain of title, and of further establishing proof as to mesne profits. While the facts constituting the execution of the deed from the sheriff to Long raised a vital question, yet it was not necessarily the sole and controlling issue in the ejectment suit. The order recites that the issues "in the [equity suit] being covered and involved in [the ejectment suit], by agreement of counsel, . . the same continue as one case under the name and style of [the ejectment suit]." From the construction and phraseology of this order, which was signed by the predecessor of the trial judge, we hold that the trial judge did not err in construing it to mean that the plaintiff in the ejectment suit would have the burden of proof.

The 5th ground alleges error in the exclusion from evidence

of a carbon copy of a letter from John W. Bennett to F. V. Paradise dated November 15, 1924. Since this was a carbon copy of a letter from one attorney to another, both representing the same party, and was produced from the files of Bennett, who had since died and since there was no proof that the original was properly addressed, stamped, or mailed, and neither attorney being a party to the suit, it was clearly not admissible, and the trial judge did not err in so ruling. *Foster* v. *Leeper,* 29 *Ga.* 294 (2) ; *National Building Assn.* v. *Quin,* 120 *Ga.* 358 (3) (47 S. E. 962).

The 7th ground of the motion (In numbering the grounds of the amendment to the motion for new trial, 6th was omitted, the numbers being designated 4th, 5th, 7th, etc.) alleges error in the exclusion of certain documentary evidence, all tendered together, and containing (a) a carbon copy of a letter from E. W. Roberts to John W. Bennett, dated December 28, 1926, and (b) a letter from John W. Bennett in reply thereto, written a day or two later, to which is also attached a copy of a letter from John W. Bennett to Orrin Roberts, dated December 1, 1926. The substance of this correspondence was that E. W. Roberts wrote to John W. Bennett, advising him as to the filing of the equity suit, and asking for any information that he had in reference to the settlement of the three fi. fas. The reply to the letter was largely devoted to another subject, but inclosed a copy of a letter that he had written to Orrin Roberts, in which a history of the settlement agreement, and the manner in which it was terminated was stated. This correspondence was produced from the files of E. W. Roberts, since deceased. The court did not err in rejecting this evidence. John W. Bennett was not a party to this litigation. The evidence contains no admission against his interest, and it was not admissible upon any other theory of admissions. Nor does it meet the requirements of the rule stated in the Code, § 38-405, which provides: "The admissions by third persons, strangers to the suit, shall be received in evidence: 1. When a party refers another to such third person for information." There is nothing in this ground of the motion to show that either party had referred the other to John W. Bennett for information. The mere fact that one of the parties (Long having delivered in person the letter of E. W. Roberts to John W. Bennett) sought information from another, would not comply with the rule above stated, but would amount only to hearsay evidence.

. ■ Exception is taken in the 8th ground to the refusal of the court to admit in evidence a carbon copy of a letter written by E. W. Roberts to Sidney Holderness, dated November 5, 1929, both being attorneys for Long, for the purpose of establishing the date of the alleged contract of sale of the land in dispute. There was no evidence that the original was properly addressed, stamped, or mailed, and for this reason alone the evidence was not admissible. *Foster* v. *Leeper* and *National Building Assn.* v. *Quin,* supra.

■ Error is alleged in the 9th ground in the following charge: "I further charge you in this case, the defendant Myers has filed what we call an affirmative defense that he has paid off and settled the fi. fa. The burden of proof of that is on Myers to satisfy the jury of the truth of this affirmative defense according to the rules I have outlined." The plaintiff in error takes the position that placing this burden on Myers was error, in view of the fact that the court had previously ruled, as outlined in the second division of this opinion, that the burden of proof was on Adcock. It must be borne in mind that this trial covered two cases: in the eject ment suit filed by Adcock, the burden was on Adcock to establish his title; and in the equity suit filed by Myers, the burden was on Myers to establish that the sheriff's deed was invalid. After the suits were consolidated and the court had properly ruled that Adcock, as plaintiff in the ejectment suit, should have the burden of proof, this did not place the burden upon Adcock to negative the allegations in Myers's suit by proving the circumstances in connection with the execution of the sheriff's deed. The introduction of the fi. fa. and this deed, together with evidence that the defendant in fi. fa. was in possession of the land, was prima facie evidence of title. The attack on this deed by Myers, as set forth in his petition in the equity suit, was a burden necessary for him to carry by evidence. Whether in its strict legal sense it was an affirmative defense, is not here necessary to determine; but suffice it to say, that upon the consolidation of the two cases, and after Adcock had made out a prima facie case, it was necessary for Myers to produce proof of his allegations seeking to set aside and cancel the sheriff's deed, and the court did not err in so charging the jury. *Whatley* v. *Newsom,* 10 *Ga.* 74 (2); *Ryals* v. *Powell,* 83 *Ga.* 278 (3) (9 S. E. 613); *O'Connor* v. *Horne,* 165 *Ga.* 349 (9) (141 S. E. 74); *Hyer* v. *Holmes,* 12 *Ga. App.* 837 (3) (79 S. E. 58).

■ The 10th special ground alleges error in the following portion of the charge: "The plaintiff is basing his title on a deed from the heirs at law of T. L. Long, deceased. I charge you, if this land was formerly owned by J. T. Myers, and was afterwards levied on by legal fi. fa. from the city court of Waycross, and legally sold before the court-house door in Monroe, and bought in by T. L. Long, his agent or attorney, who received a sheriff's deed therefor, and that afterwards Long died without having any administration, leaving certain heirs at law, then said heirs at law, if they were all sui juris, that is, if they were all over the age of twenty-one years of age, would have the right to convey said land in fee simple, and anyone to whom they conveyed same would receive a good title to said lands." Considering the charge in its entirety, this excerpt could not have impressed the jury to the effect that if the heirs at law of Long properly conveyed such title as they had to Adcock, this would give Adcock a good title to the land, and would authorize a verdict in his favor. It amounted to nothing more than an explanation to the jury of what would be necessary to appear in order for the heirs of Long to execute a deed to this land, where Long had died intestate and there had been no administration on his estate. This portion of the charge is not subject to any criticism made upon it.

■ Under the 11th and 12th special grounds of the motion, error is alleged as to the following portion of the charge: "It is admitted . . in this case that Peters is in possession of the lands in dispute; therefore you will look to the evidence to ascertain under whom Peters holds or under whom he claims. In order for such right or title to be effective against the plaintiff, it must be such legal or equitable right or title that could be enforced in a court of law or equity on the part of the defendants, or of those under whom they hold. Such right or title must be definite and complete in its nature. If it is under a contract or agreement, then it must have all the essentials of a valid and binding contract or agreement. It must be made between parties competent and having authority to contract. It must be definite as to time and performance, and must be based on a valid and legal consideration, and must be capable of performance. Nothing short of this meets the legal requirements. I charge you that a contract for the purchase of land does not differ from any other contract in its essentials.

A definition of a contract has heretofore been given you. The contract and the terms thereof should be established so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement."

In the brief for the plaintiff in error it is stated that the foregoing, "as an abstract principle of law, is in the main correct," but it is contended that the elements necessary to a valid contract, and the degree of proof necessary to establish a parol contract for the sale of land, as defined in the foregoing excerpt of the charge, were not applicable to the instant case. The movant insists that, inasmuch as his parol contract for the purchase of the land was made with Myers and Long during the pendency of litigation between them over the title to the land, and since this contract was a consideration actuating a settlement of this litigation, which was to be effectuated by a court decree, the foregoing charge was error. We can see no merit in this ground. Adcock made a prima facie case. It was admitted by Peters that he had no written evidence of title, but sought to establish a title by a parol contract between himself and Myers and Long, both of whom were claiming title to the land. The mere fact that the alleged parol contract was with two people who were in litigation over the land would not relieve Peters of establishing his contract so clearly and satisfactorily as to leave no reasonable doubt in the minds of the jury, in accordance with the rule laid down in *Tidwell* v. *Garrick,* 149 *Ga.* 290 (2) (99 S. E. 872); *Scott* v. *Williams,* 167 *Ga.* 386 (3) (145 S. E. 651); *Suber* v. *Black,* 168 *Ga.* 439 (3) (148 S. E. 81).

In the 13th ground, it is alleged that the court erred in failing to charge the jury: (a) the law applicable to the transfer of executions and the rights of a defendant in fi. fa., as against transferees, where no notice of the transfer is brought to the defendant in fi. fa.; and (b) that if the defendant in fi. fa., without notice of the transfer of the execution, settled with the attorneys of record of the plaintiff in fi. fa., and paid off the fi. fa., then the transferee would be bound by such payment, regardless of whether he received the money or not. Whether the alleged omitted charge would have been a proper statement of the law, need not here be decided. On this subject the court charged as follows: "I charge you, that if the plaintiff in execution, or its agents, or duly au-

thorized attorneys, accepted certain notes and security in settlement of said execution, and the said notes were paid off according to their tenor, this would constitute a settlement of the execution in question." This charge was more favorable to the plaintiff in error than the omitted charge, of which complaint is made.

The 14th ground of the motion is a reiteration of the general grounds, and has been covered in the third division of this opinion.

*Judgment affirmed. All the Justices concur.*